[No. 3109.    Decided February 15, 1901.]

SARAH A. RAUGHT *et al., Plaintiffs,* v. F. B. LEWIS *et al., Defendants;* ABRAM H. HYATT *et al., Appellants,* v.

W. A. LEWIS, *Respondent.*

JUDGMENTS — REVIVAL OF LIEN — CONSTITUTIONAL LAW.

The act of March 6, 1897 (Laws 1897, p. 52), relating to the duration of judgments and repealing the existing law which permits the renewal of judgments is unconstitutional and void as to judgments rendered prior to its passage.

Appeal from Superior Court, Spokane County.—Hon. WILLIAM E. RICHARDSON, Judge.  Reversed.

*Karnes, Holmes & Krauthoff* and *Cyrus Happy,* for appellants.

*Lewis & Lewis,* for respondent.

The opinion of the court was delivered by

ANDERS, J.—A petition was filed by appellants herein in the superior court of Spokane county in September, 1897, to revive a judgment in the case of Sarah A. Raught and C. R. Fowler *et al.,* against F. B. Lewis and W. A. Lewis *et al.,* which judgment was rendered in said court in November, 1891.  A demurrer to the petition was filed by respondent herein on all of the statutory grounds.  The demurrer was sustained by the lower court,

and this appeal is from the judgment rendered below, dismissing the petition and allowing costs to respondent.

The only serious question presented by the record, and the one that is considered decisive, is as to the validity of the act of March 6, 1897 (Laws 1897, p. 52), relating to the duration of judgments and repealing §§ 462 and 463, 2 Hill's Code, it being contended by respondent that said act affected judgments rendered prior to its passage. No extended discussion of this question is now necessary, this court having decided on December 6, 1900, after a careful consideration of the subject, in the case of *Palmer v. Laberee,* 23 Wash. 409 (63 Pac. 216), that the said act of March 6, 1897, was unconstitutional and void as to such judgments. In view of this decision, the demurrer cannot be sustained on this ground.

The only other question insisted upon by respondent is as to the sufficiency of the assignment attempted to be set up in the petition. While the allegation of the assignment in the petition is not as clear and distinct as it should be, we are of the opinion that the defects in the allegation were not such as could be reached by demurrer.

It is not necessary to consider the remaining grounds of demurrer, as they possess no merit.

The judgment is reversed, and the cause remanded with instructions to overrule the demurrer.

REAVIS, C. J., and DUNBAR and FULLERTON, JJ., concur.