[No. 3677.   Decided February 25, 1901.]

CANADIAN AND AMERICAN MORTGAGE & TRUST COMPANY, LIMITED, *Respondent*, v. BENJAMIN W. BLAKE *et ux.*, *Appellants*.

MORTGAGE FORECLOSURE—REDEMPTION PERIOD—OCCUPATION OF PREMISES BY DEBTOR—CONSTITUTIONAL LAW.

Laws 1899, p. 93, § 15, which provides that in case of the sale on execution of any homestead occupied for that purpose, the judgment debtor shall have the right to retain possession thereof during the period of redemption without accounting for issues or value of occupation is unconstitutional as to foreclosure sales under mortgages executed prior to its passage, when the law in force gave the purchaser on foreclosure sale the right of possession from the day of sale.

Appeal from Superior Court, Lewis County.—Hon. HENRY S. ELLIOTT, Judge.   Affirmed.

*M. A. Langhorne* (*W. W. Langhorne,* of counsel), for appellants.

*J. E. Willis,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This was an action by respondent against appellants to foreclose a mortgage. The mortgage was executed February, 3, 1893, and suit to foreclose the same was commenced on the 2d day of May, 1899. The court decreed that the purchaser was entitled to immediate possession of the land to be sold, after sale. From this portion of the decree this appeal is taken.

The trial court held that § 15, ch. 53, Laws 1899, which provides that, in case of any homestead occupied for that purpose at the time of sale, the judgment debtor shall have the right of redemption without accounting for issues or value of occupation, was unconstitutional

when applied to contracts executed prior to its passage.
It is claimed that the decision by this court of the case
of *Wilson v. Wold,* 21 Wash. 398 (58 Pac. 223), is de-
cisive of the question involved in this appeal. That case
does not seem to us to reach the question under discus-
sion here. There there was no lien existing; it was
simply a contract for money to be paid, and it was held
that the law which provided that judgment debtors should
be entitled to possession, and to the rents, issues, and
profits of real property which was sold on execution, did
not deprive a party who had sued upon an open account of
any right or the enforcement of any remedy which the
prior law had given him. But in this case the contract
is with special reference to the property upon which the
lien is established by the contract. We think the prin-
ciples underlying this case have been decided by this
court in the case of *Bettman v. Cowley,* 19 Wash. 207
(53 Pac. 53, 40 L. R. A. 815), and more directly in
*Swinburne v. Mills,* 17 Wash. 611 (50 Pac. 489, 61 Am.
St. Rep. 932), where the authorities which distinguished
between a simple remedy, which it is within the legisla-
tive power to change, and a remedy which is a part of
the obligation of the contract, a change of which can not
be made without impairing and lessening the value of the
contract, were collated and discussed at length. A re-
discussion of these principles would not be beneficial.
But we will refer again to one of the cases cited in *Swin-
burne v. Mills, supra,* viz., *Barnitz v. Beverly,* 163 U. S.
118, where the supreme court of the United States, after
an exhaustive review of the questions involved, decided
that a state statute which authorizes the redemption of
property sold upon foreclosure of a mortgage, where no
right of redemption previously existed, or which extends
the period of redemption beyond the time formerly al-

lowed, cannot constitutionally apply to a sale under a mortgage executed before its passage. As to existing contracts, the law of 1899 was unconstitutional and void.

The judgment is affirmed.

REAVIS, C. J., and FULLERTON and ANDERS, JJ., concur.