[No. 3594. Decided April 8, 1901.]

A. L. DENIO, *Respondent,* v. EDGAR V. BENHAM, *Appellant.*

<div style="float:right">24  485<br>e39  176</div>

JUDGMENTS — REVIVOR — PARTIES.

Code Proc. § 462, subd. 1, which requires a motion to revive a judgment to "state the names of the parties to the judgment," does not contemplate that the motion state the names of the parties to the action in which the judgment was rendered, but is satisfied by a statement showing the parties in whose favor, and against whom, the judgment runs.

Appeal from Superior Court, Pacific County.—Hon. HENRY S. ELLIOTT, Judge. Affirmed.

*Remington & Reynolds,* for appellant.

*Hewen & Stratton,* for respondent.

The opinion of the court was delivered by

FULLERTON, J.—This is an appeal from an order reviving a judgment entered in a proceeding had pursuant to §§ 462, 463 of 2 Hill's Code. The principal contention of the appellant is that these sections of the Code were repealed by the act of March 6, 1897 (Session Laws 1897, p. 52), and hence there is no method of continu-

ing the life of a judgment beyond the statutory period of limitation other than by a common-law action upon the judgment. Since this appeal was taken, this court has met and decided this question adversely to the appellant's contention in the case of *Palmer v. Laberee,* 23 Wash. 409 (63 Pac. 216). The reasons for the conclusion reached are fully stated in the opinion in that case, and it is unnecessary to repeat them here. It is sufficient to say that we are satisfied with the rule there announced.

It is next contended that the motion to revive is fatally defective because it does not "state the names of the parties to the judgment," as required by the statute (subd. 1, § 462, 2 Hill's Code). The motion is entitled as in the original cause, and recites: "Comes now the intervenor, A. L. Denio, in the above entitled cause, and shows to the court that on the 13th day of February, 1894, intervenor recovered a judgment against the defendant, Edgar V. Benham, in the cause aforesaid, in the sum of," etc. This, we think, was a sufficient compliance with the statute. The requirement is not that the motion state the names of the parties to the action in which the judgment was rendered, but is that it state the names of the parties to the judgment; and this the motion does.

The order is affirmed.

DUNBAR and ANDERS, JJ., concur.

REAVIS, C. J., concurs on the authority of the case cited, but not as a principle of original construction.