[No. 3471. Decided June 28, 1901.]

JAMES DALGARDNO, *Appellant,* v. THOMAS F. TRUMBULL, *Respondent.*

DEFAULT JUDGMENT — VACATION — DISCRETION OF COURT.
The action of the trial court in vacating a default judgment is not an abuse of discretion, when done upon a showing that defendant's attorney had erroneously noted the day of service as being one day later than the actual day; that he attempted to serve a demurrer upon plaintiff upon the last day, as he understood it to be from his notation, and was informed that a default had been taken the preceding day; and that while proceeding to the court house to ascertain the condition of the record, he was passed by plaintiff's attorney in a conveyance, who thereby reached the court house before him and in the meantime procured the entry of a default and judgment against him.

Appeal from Superior Court, Jefferson County.—Hon. JESSE P. HOUSER, Judge. Affirmed.

*Morris B. Sachs* and *A. W. Buddress,* for appellant.

*Trumbull & Trumbull,* for respondent.

The opinion of the court was delivered by

FULLERTON, J.—This action was brought to foreclose a real-estate mortgage. From a judgment in favor of the respondent, the appellant appeals. The first error assigned is that the trial court erred in vacating a judgment of default entered against the respondent for failure to appear in the action within the time limited by the statute. From the showing of the respondent made in support of his motion to set aside the default judgment, it appears that at the time service of summons was made upon him he attempted to mark the day of the month thereof on the face of the summons, but by mistake noted the date as being one day later than the actual day upon which it was in fact served; that on the last day he had to appear in the action, by his own notation, he prepared a demurrer to the complaint, and took it to the office of the appellant's attorney for service, and was there informed that default had been entered against him on the previous day; that he thereupon left the office of the attorney and proceeded on foot to the court house to ascertain the condition of the record, and while on the way he was passed by the appellant's attorney driving in a conveyance; that when he reached the court house he found that the appellant's attorney had reached there a few moments before him, and had in the meantime procured the court to enter a default and judgment against him. No counter showing was made. On this showing the trial court vacated the judgment, and permitted the respondent to answer to the merits. While counsel have pressed the point with vigor, we fail to find in the action of the court any abuse of its discretion. On the contrary, it seems to us, as we said in a somewhat similar case,

"The facts disclosed by the record are such as not only to show that there was no abuse of discretion in granting

the order, but that it would have been a great abuse of such discretion to have denied it." · *Reitmeir v. Siegmund,* 13 Wash. 624 (43 Pac. 878).

The remainder of the assignments go to the sufficiency of the evidence to justify the findings of fact. It would be unprofitable, and unduly lengthen this opinion, to review the record on these questions. Suffice it to say, therefore, that we are unable to find, after a careful examination of the entire record, that the disputed findings are not supported by a preponderance of the evidence.

Affirmed.

REAVIS, C. J., and DUNBAR and ANDERS, JJ., concur.