[No. 5388.    Decided May 1, 1905.]

HENRY HOWARD, *Respondent,* v. E. S. ROSS, *Appellant.*[1]

JUDGMENTS—DURATION—ACTION UPON—CONSTITUTIONAL LAW—
IMPAIRMENT OF OBLIGATION OF CONTRACT. Laws 1897, relative to
the duration, and prohibiting an action upon, judgments there-
after entered, is unconstitutional as to a judgment based upon a
promissory note made prior to the enactment of said law, since it
is an impairment of the obligation of the contract.

Appeal from a judgment of the superior court for Spo-
kane county, Belt, J., entered March 1, 1904, upon find-
ings in favor of the plaintiff, after a trial before the court,
a jury being waived, in an action upon a judgment. Af-
firmed.

*William S. Lewis,* for appellant.

*R. L. Edmiston,* for respondent.

CROW, J.—This action was commenced by respondent
to recover on a judgment for $7,313.63, costs and interest,
entered in respondent's favor against appellant, in the
superior court of Spokane county, Washington, on June
15, 1898. Judgment having been recovered thereon by
respondent, Henry Howard, this appeal has been taken.

As above indicated, the original judgment now pleaded
as a cause of action was recovered June 15, 1898, after
the enactment of the law of 1897 relative to the duration
of judgments. Bal. Code, § 5148, *et seq.* It is an ad-
mitted fact that the judgment of June 15, 1898, was re-
covered on a promissory note, which had been executed
and delivered for a valuable consideration—money loaned
—prior to the enactment of said law of 1897. Appellant
contends that the judgment now sued upon is the cause of

[1]Reported in 80 Pac. 819.

action; that it was recovered subsequent to the enactment of said statute, and is therefore barred thereby.

On the other hand, respondent contends that the contract or note having been made prior to the law of 1897, the laws then in existence became a part of such contract; that, on the date of the execution of the note, the laws of this state permitted the revival of a judgment, or the same might be the basis of a new cause of action, and that any law, enacted after the execution of said note, which would prevent a judgment thereafter entered .thereon from being revived, or made the subject of another action, would be an impairment of the obligation of contracts, in violation of art. 1, § 10, of the constitution of the United States, and art. 1, § 23, of the constitution of Washington. In support of his contention, respondent cites *Bettman v. Cowley,* 19 Wash. 207, 53 Pac. 53, 40 L. R. A. 815, and *Palmer v. Laberee,* 23 Wash. 409, 63 Pac. 216.

While the exact question here presented was not before this court in said cases, nevertheless, we think the contention of respondent should be sustained, for the reason that the principles announced therein are controlling here. In *Bettman v. Cowley, supra,* at page 217, this court, speaking through Dunbar, J., said:

"In this case, when the original judgment was obtained, the creditor had a right to perpetuate his judgment either by a suit on the same, or by keeping it alive under the provisions which the law under consideration repeals, and the shortening of the time in which he could bring his action, as we have seen, in nowise rendered his judgment less valuable, for, notwithstanding the shortening of the statute of limitations, there was no shortening of the life of the liability. If the creditor or claimant does not obey the law when a reasonable time is given him in which to act, his loss is attributable to his own laches and not to matters which are beyond his power to control. But alto-

gether another principle is involved in the shortening of the life or of the actual demolition of the liability. If the debtor happens to be execution proof just at this time, the creditor is helpless. No amount of diligence or industry will avail him. His judgment, which, before the passage of the law, had at least a prospective value, is now rendered absolutely valueless, and the future acquisitions which he had a right to rely upon he is now deprived of."

Applying the same principles here, it might be suggested that, when the original note was executed, prior to the passage of the act of 1897, the holder of said note, under the laws then in existence, which constituted a part of the ·contract, had the right, in the event of default in payment of said note, to obtain in the courts of this state a judgment thereon, the same being a judgment which, under the then existing laws, could be revived or become the subject of another cause of action If, during the life of the judgment entered on June 15, 1898, the debtor, appellant herein, happened to be execution proof, and if the respondent cannot now obtain another judgment, he, as the creditor, is absolutely helpless and without remedy; not only without remedy, but is deprived of a prospective remedy which he had at the time of the making of the original contract. Before respondent's original judgment was entered, the act of 1897 became a law, and if such original judgment cannot now become the subject of a new action and judgment, contract rights of respondent, which he had at the time of taking the original note, would certainly be impaired.

Appellant contends, however, that the statute in question only changes the remedy, but does not impair any contract right. In *Palmer v. Laberee, supra,* this court, speaking through White, J., said:

"This authority [*Bronson v. Kinzie,* 1 How. 311, 11

L. Ed. 143] holds that it is immaterial, whether the obligation of a contract is impaired by acting on the remedy or directly upon the contract. In either case it is prohibited by the constitution, and under this decision as to existing judgments growing out of contracts §§ 1 and 3 must fall with the rest of the act. In *Bettman v. Cowley, supra,* the court also held that the act in question was not a statute of limitation, and this holding, it seems to us, disposes of the second question raised by the appellant. We think that the legislative intent as expressed in this act not only sought to destroy existing judgments, but the act was intended to deny any remedy whereby existing judgments could be extended, and that the act was intended as a whole, and to be carried into effect as such; and, that being the case, so far as it refers to contracts which were in existence at the time the law was enacted, it is unconstitutional, and that the respondent had a right to revive his judgment under §§ 462 and 463, 2 Hill's Code, or by an action at common law, and to put in evidence the original judgment in the revival proceedings, as if the act in question had never been passed by the legislature."

In *McCracken v. Hayward,* 2 How. 612, 11 L. Ed. 397, Baldwin, J., said:

"The obligation of a contract consists in its binding force on the party who makes it. This depends on the laws in existence when it is made; these are necessarily referred to in all contracts, and forming a part of them as the measure of the obligation to perform them by the one party, and the right acquired by the other. There can be no other standard by which to ascertain the extent of either, than that which the terms of the contract indicate, according to their settled legal meaning; when it becomes consummated, the law defines the duty and the right, compels one party to perform the thing contracted for, and gives the other a right to enforce the performance by the remedies then in force. If any subsequent law affect to diminish the duty, or to impair the right, it necessarily bears on the obligation of the contract, in favor of one

party, to the injury of the other; hence any law, which in its operation amounts to a denial or obstruction of the rights accruing by a contract, though professing to act only on the remedy, is directly obnoxious to the prohibition of the constitution."

In *Brine v. Insurance Co.*, 96 U. S. 627, 24 L. Ed. 858, Miller J., said:

"At all events, the decisions of this court are numerous that the laws which prescribe the mode of enforcing a contract, which are in existence when it is made, are so far a part of the contract that no change in these laws which seriously interfere with that enforcement are valid, because they impair its obligation within the meaning of the Constitution of the United States."

See, also, *Bronson v. Kinzie,* 1 How. 311, 11 L. Ed. 143; *Barnitz v. Beverly,* 163 U. S. 118, 16 Sup. Ct. 1042, 41 L. Ed. 93.

The superior court in this action has evidently held, that, as to judgments entered in this state after the enactment of said law of 1897, based upon contracts entered into prior thereto, said law was unconstitutional as an impairment of the obligation of contracts, and, under the above authorities, we think the position of the trial court was correct.

The judgment is affirmed.

Mount, C. J., Dunbar, and Rudkin, JJ., concur.

Fullerton, Hadley, and Root, JJ., took no part.