(No. 5583.    Decided July 14, 1905.)

G. W. FISCHER *et al., Respondents,* v. GEORGE B. KITTINGER, *Appellant.*[1]

JUDGMENTS—REVIVAL—CONSTITUTIONAL LAW—IMPAIRMENT OF OBLIGATION OF CONTRACT—STATUTES—VALIDITY OF PART. Laws 1897, p. 52, repealing the statute authorizing the revival of judgments, being a uniform piece of legislation taking away all right of action upon all judgments, and void as impairing the obligation of the contract as respects prior judgments, is void as to section 4, repealing the remedy of revival by notice and motion.

Appeal from an order of the superior court for King county, Griffin, J., entered November 17, 1904, reviving a judgment, upon motion of the judgment creditor. Affirmed.

*Hughes, McMicken, Dovell & Ramsey,* and *James Kiefer,* for appellant, contended, among other things, that as long as there remained the remedy by action upon the judgment, it was competent for the legislature to repeal the remedy of revival by motion. *Antoni v. Greenhow,* 107 U. S. 769, 2 Sup. Ct. 91, 27 L. Ed. 468; *Sneed v. Tennessee,* 96 U. S. 69, 24 L. Ed. 610; *Thayer v. Seavey,* 11 Me. 284; *Lord v. Chadbourne,* 42 Me. 429, 66 Am. Dec. 290; *Evans v. Montgomery,* 4 W. & S. (Pa.) 218; *Von Baumbach v. Bade,* 9 Wis. 510; *Morley v. Lake Shore etc. R. Co.,* 146 U. S. 162, 13 Sup. Ct. 54, 36 L. Ed. 925; *Cox v. Marlatt,* 36 N. J. L. 389, 13 Am. Rep. 454; *Penniman's Case,* 103 U. S. 714, 26 L. Ed. 602; *Mason v. Haile,* 12 Wheat. 370, 6 L. Ed. 660; *Beers v. Haughton,* 9 Pet. 329, 9 L. Ed. 145; *Oriental Bank v. Freese,* 18 Me. 109, 36 Am. Dec. 701;

[1] Reported in 81 Pac. 551.

*Donnelly v. Corbett,* 7 N. Y. 500; *Rosenplaenter v. Provident Sav. Life Assur. Soc.,* 91 Fed. 729; *Van Rensselaer v. Snyder,* 13 N. Y. 299; *Conkey v. Hart,* 14 N. Y. 22; *Watts v. Everett,* 47 Iowa 269; *Toffey v. Atcheson,* 42 N. J. Eq. 182, 6 Atl. 885; *Rader v. Southeasterly Road District,* 36 N. J. L. 273; *Edwards v. Kearzey,* 96 U. S. 595, 24 L. Ed. 793.

*Ira Bronson* and *D. B. Trefethen,* for respondents.

FULLERTON, J.—On March 12, 1892, George W. Fischer and James Reid Macdonald, then copartners as 'Fischer & Macdonald, recovered a judgment in the superior court of King county, against the appellant, for the sum of $2,331.31 and costs of action. Subsequently the judgment was, for a valuable consideration, assigned to the respondents. In the early part of the year 1898, the respondents brought a common law action against the appellant upon the judgment, and on May 18, of that year, recovered against him for $3,908.31, being the amount of the earlier judgment, with interest and costs of action added. On May 18, 1904, the respondents commenced proceedings to revive the last mentioned judgment, under the statute found in 2 Hill's Code, §§ 462, 463, which provides for the revival of judgments by notice and motion. To the motion filed by the respondents, the appellant demurred, on the ground that the statute under which they were proceeding had been repealed by the act of March 6, 1897, relating to the duration of judgments. Laws 1897, p. 52. The demurrer was overruled, and an order made on November 17, 1904, reviving the judgment in favor of the respondents, for the amount of the principal and interest then due thereon. This appeal is from the order reviving the judgment.

The question whether the act of March 6, 1897, repealed the statute providing for the revival of judgments by notice and motion was first before this court in *Palmer v. Laberee,* 23 Wash. 409, 63 Pac. 216. It was there held that, because

the act was one uniform piece of legislation on one subject, it was void or valid as a whole, and being void as to judgments rendered on contracts existing at the time of its enactment, the remedy of revival by notice and motion as to such judgments was not repealed by it. This construction of the statute was followed in the subsequent cases of *Raught v. Lewis,* 24 Wash. 47, 63 Pac. 1104, and *Denio v. Benham,* 24 Wash. 485, 64 Pac. 749. In the last case cited, the principal reliance of the appellant was on the question of the repeal of this statute, and his learned counsel made able and elaborate arguments thereon. The court, however, felt that the question had been settled by the cases that had preceded it, and declined to reopen it or discuss it further.

It will be observed that the judgment sought to be renewed in this proceeding was rendered after the passage of the act of March 7, 1897, while the judgments under discussion in the cases above cited were rendered prior to the passage of that act. It was suggested at the hearing that this fact made a difference in the application of the rule, but we think there is no substantial ground for the contention. The statute of March 7 was held inoperative as to the judgments in question in the cases announcing the rule, because to give it effect would impair the obligation of a contract, in violation of § 10, art. 1, of the federal constitution. As the judgment here in question was rendered upon a contract entered into prior to the passage of the act of March 7, it is plain that to hold the act operative as to it would have a like effect—it would impair the obligation of such contract. The statute, therefore, is inoperative as to this judgment. *Howard v. Ross,* 38 Wash. 627, 80 Pac. 819. And, it being true that the act has no partial operative effect, it is as much invalid as a whole to this judgment as it is to contract judgments rendered prior to its passage.

The order appealed from is affirmed.

MOUNT, C. J., CROW, HADLEY, RUDKIN, and DUNBAR, JJ., concur.