(No. 5539.   Decided July 18, 1905.)

THOMAS H. WILLIAMS, *Executor of the Will of William
Tester, Deceased, Respondent,* v. C. H. PACKARD,
*et al., Appellants.*[1]

JUDGMENTS—REVIVAL—CHANGE OF LAW—CONTRACTS—IMPAIRMENT
OF OBLIGATION—STATUTES—REPEAL. The act of 1897 repealing the
law for the revival of judgments, was an impairment of the obli-
gation of, and unconstitutional as to, existing contracts, and a judg-
ment thereon, although entered after the passage of the act, may
be revived on motion notwithstanding the repealing statute.

[1] Reported in 81 Pac. 710.

Appeal from an order of the superior court for Snohomish county, Denney, J., entered July 21, 1904, reviving the lien of a judgment, upon motion of the plaintiff, after overruling a demurrer to the motion. Affirmed.

*Bostwick & Mulvihill,* for appellants.

*McGuinness & Miller,* for respondent.

HADLEY, J.—This appeal involves the revival of a judgment. The original judgment was rendered November 30, 1897. On March 21, 1903, a motion to revive and continue was filed in the cause. The motion recites that, since the entry of the judgment, the plaintiff in the action died, intestate; that Robert Smallman and Thomas H. Williams, being designated by the will as executors thereof, were duly appointed as such, and that they have been the duly qualified and acting executors of the estate since the 8th day of September, 1900. The motion was verified by said Robert Smallman. After the filing of the motion, said Robert Smallman died and, by consent of the defendants, said Thomas H. Williams, as executor, was substituted as the party plaintiff instead of the plaintiff William Tester, deceased. The motion further recites that the judgment remains unreversed and unsatisfied; that there has been paid thereon the sum of $355; and that there is still due and unpaid a balance of $1,301.10, with interest and costs. The defendants demurred to the motion, and the same was overruled. Thereafter, on June 21, 1904, an order was entered reviving the judgment in the total sum, including principal and interest, of $1,906.54, together with costs of the revival proceeding. The defendant C. H. Packard has appealed from the order of revival.

It is assigned that the court erred in overruling the demurrer to the motion to revive, and also in entering the order of revival. These may be discussed together. This proceeding is prosecuted under 2 Hill's Code, §§ 462, 463.

Section 463 provides that the revival proceeding may be commenced within six years from the rendition of the judgment. This proceeding was so commenced. The legislature of 1897 provided that, after the expiration of six years from the rendition of any judgment, it shall cease to be a lien or charge against the estate or person of the judgment debtor, and that no proceedings shall ever be had by which the duration of a judgment shall be extended or continued in force for any longer period than six years from the date of the original judgment. Bal. Code, §§ 5148, 5149. This court has held that, as to judgments existing prior to that law, the statute is unconstitutional as impairing the obligations of contracts. *Bettman v. Cowley,* 19 Wash. 207, 53 Pac. 53, 40 L. R. A. 815; *Palmer v. Laberee,* 23 Wash. 409, 63 Pac. 216; *Raught v. Lewis,* 24 Wash. 47, 63 Pac. 1104.

The original judgment in the case at bar was rendered after the statute of 1897 took effect. The appellant argues that the record here does not show that the judgment was founded upon a contract, and that, for aught that appears, it may have been founded upon a tort. The motion for revival was, however, filed in the original cause, and the first paragraph of the motion expressly refers to the judgment, and makes it a part thereof. A supplemental transcript brought here by respondent sets out the judgment itself, together with the court's findings, by which it appears that the judgment was upon a promissory note, which was secured by mortgage upon personal property. A decree was also entered foreclosing the mortgage. The findings show that the note and mortgage were executed September 5, 1893. The judgment was therefore founded upon a contract which existed prior to the law of 1897.

If, as has been held, that statute is void as to judgments existing when the law took effect, for the reason that it impairs the obligations of the contracts upon which the judgments were founded, then is it void as to judgments rendered

after the new law was in force, but founded upon contracts executed prior to that law? The contract is the principal thing, and the judgment exists by reason of the contract. The reason assigned for the decisions above cited was that the new law impaired the value of the contracts themselves, and no distinction in principle can be made in this connection between prior contracts which were merged in judgments before the new law and similar ones which were not. The value of the contract is affected in the one case as much as in the other. In *Swinburne v. Mills,* 17 Wash. 611, 50 Pac. 489, 61 Am. St. 932, it was held that the laws existing at the time of making a contract enter into it and become a part of it, and that one who is entitled to enforce the obligation of a contract is also entitled to protection against a change in existing remedies, when their nature and extent are so changed as to materially affect his rights under his contract as they existed when it was made. See, also, *Canadian etc. Trust Co. v. Blake,* 24 Wash. 102, 63 Pac. 1100, 85 Am. St. 946. The principle discussed and decided in the above cases is controlling here, and the precise question involved in this case was also decided adversely to appellants' contention in *Fischer v. Kittinger, ante* p. 174, 81 Pac. 557, filed July 14, 1905. It was therefore not error to revive this judgment in pursuance of the law which entered into, and became a part of, the contract from its inception.

The judgment is affirmed.

MOUNT, C. J., FULLERTON, RUDKIN, ROOT, CROW, and DUNBAR, JJ., concur.