[No. 5656. Decided September 18, 1905.]

JAMES DALGARDNO, SENIOR, *Appellant,* v. H. G. BARTHROP et al., *Respondents.*[1]

JUDGMENTS — EXECUTIONS — SALE AFTER EXPIRATION OF LIEN — VALIDITY. A foreclosure sale under an execution and order of sale, issued more than five years after the entry of judgment, is void.

SAME — FORECLOSURE DECREE — SUSPENSION BY APPEAL — SEPARATE PARCELS—SUSPENSION AS TO ONE TRACT ONLY—STATUTE OF LIMITATIONS. Upon a foreclosure of a mortgage upon separate parcels of land, belonging to different persons, a suspension of the decree as to one tract, by vacation thereof and an appeal to the supreme court, does not suspend it as to the other tract, so that an execution and sale as to such part is barred after the expiration of five years from the date of the judgment.

TAXES—PAYMENT OF ONE IN POSSESSION UNDER VOID FORECLOSURE SALE—EQUITABLE LIEN FOR. The purchaser at a void foreclosure sale, who takes possession in good faith, and pays the taxes, is entitled to a lien upon the premises for the amount of the taxes paid.

Appeal from a judgment of the superior court for Jefferson county, Hatch, J., entered December 10, 1904, dismissing an action to recover possession of real estate, upon sustaining a demurrer to the amended complaint. Modified.

1Reported in 82 Pac. 285.

*U. D. Gnagey,* for appellant.

*Trumbull & Trumbull,* for respondents.

Root, J.—On March 31, 1896, appellant obtained, by default, a judgment and decree of foreclosure of mortgage upon two distinct and separate parcels of real estate in Jefferson county. The default and decree as to one parcel was subsequently set aside, further proceedings had regarding the same and eventually a decree entered against appellant's attempt to foreclose upon said parcel. The action of the trial court in vacating said decree, as to said parcel, and its final judgment and decree that plaintiff take nothing as against said lot, was affirmed upon appeal, by this court on June 28, 1901. *Dalgardno v. Trumbull,* 25 Wash. 362, 65 Pac. 528.

On July 19, 1901, appellant caused an order of sale to be issued upon the judgment and decree of March 31, 1896, and caused the other parcel of said real estate to be sold, the decree as to said portion never having been vacated or appealed from. At the sale thereof, appellant bought it, and has since paid taxes thereon under the belief that he had good title thereto. Appellant commenced this action to recover possession of said property and to have the taxes he had paid declared to be a lien thereupon. From an adverse judgment, he appeals.

It is urged that this sale was null and void for the reason that the order of sale was issued more than five years after the entry of the judgment and decree, and without any reviver. Such has been the holding of this court and the contention must be sustained. *Brier v. Traders' Nat. Bank,* 24 Wash. 695, 64 Pac. 831; *Packwood v. Briggs,* 25 Wash. 530, 65 Pac. 846.

Respondents contend that the appeal taken as to part of the judgment and decree had the effect of suspending the operation of the statute of limitations as to all of the judgment and decree until the final judgment in the supreme

court was entered. This position is not tenable for the following reasons. The two parcels were owned by different persons. The owner of one of these parcels made no effort to set aside, or modify, or appeal from the judgment and decree as to his property. Appellant could have had execution against said property immediately upon entry of said judgment and decree, or at any time thereafter up to the end of five years, and could then have revived the judgment. But he did not do so. He was doubtless waiting for the outcome of the litigation as to the other portion. When that was settled, however, he attempted no revivor as to the other parcel, but proceeded to sell it notwithstanding the expiration of the five year limit. The owner of this parcel of land had it burdened for five years by this judgment. The fact that appellant was litigating with some one else about some other property seems to us to afford no reason why the owner of this should not have the benefit of the statute of limitations as to his property. The five year period began to run from the date of the entry of the judgment and decree, March 31, 1896, and, as to the tract in question, was never interrupted.

The action of appellant in paying taxes upon the property was such that he is entitled to a lien thereupon for the amount so paid.

The case is remanded to the superior court with instructions to ascertain the amount of taxes paid by appellant upon said real estate, and to decree the same a lien upon and against said property. Costs in both courts to appellant.

FULLERTON, HADLEY, and DUNBAR, JJ., concur.