[No. 8732.   Department One.   June 18, 1910.]

## Seattle Brewing & Malting Company, *Respondent*, v. James Donofrio *et al.*, *Appellants*, Antonio Sacco *et al.*, *Defendants*.[1]

Fraudulent Conveyances — Actions — Judgments —Lien.   An action by judgment creditors to set aside a fraudulent conveyance cannot be maintained after the judgment has become dormant and the lien has expired.

Judgment—Lien—Duration—Statutes—Implied Repeal.   Section 1 of the act of 1893, Rem. & Bal. Code, § 445, providing that the lien of a judgment shall continue for five years from the date of rendition, and Rem. & Bal. Code, § 458, providing that in case of appeal to the supreme court the date of the final judgment in the supreme court shall be the time from which said five years shall commence to run, are impliedly repealed by the act of 1897, Rem. & Bal. Code, §§ 459-461, providing that after the expiration of six years from the rendition of any judgment, it shall cease to be a lien and shall not be extended or continued in force for a period longer than six years from the date of the entry of the "original" judgment; the original judgment being that of the trial court in case of an appeal to the supreme court.

Judgment—Lien—Duration—Statutes—Validity.   The act of 1897, Rem. & Bal. Code, §§ 459, 460, 461, limiting the lien of the judgment to six years from its date, and providing that no action can be had upon a judgment after the judgment lien has expired, is constitutional as to limiting the time for the commencement and duration of the lien of judgments upon contracts subsequently arising.

Appeal from a judgment of the superior court for King county, Main, J., entered October 23, 1909, in favor of the plaintiff, after a trial on the merits before the court, in an action to vacate a deed and to subject property described therein to the satisfaction of a judgment.   Reversed.

*Blake & Williams*, for appellants.

*E. M. Carr* and *Edgar C. Snyder*, for respondent.

[1]Reported in 109 Pac. 335.

RUDKIN, C. J.—On the 3d day of February, 1903, a judgment was entered in the superior court of King county in favor of the plaintiff in this action, and against the defendant James Donofrio, for the sum of $488. The judgment thus entered was affirmed by this court on appeal on the 5th day of January, 1904, and the record was thereafter remitted to the superior court. *Seattle Brewing & Malting Co. v. Donofrio*, 34 Wash. 18, 74 Pac. 823. The present action was instituted some time during the month of April, 1909, the exact date not appearing, to set aside a certain conveyance of real property made by the Donofrios to their codefendants on the 22d day of January, 1903. The plaintiff had judgment according to the prayer of its complaint and the defendants have appealed.

The foregoing facts, and others not deemed material, were stipulated by the parties, and under the stipulated facts the appellants contend that the judgment of February 3, 1903, was dormant at the time of the commencement of this action, and that the action to set aside the fraudulent conveyance was not commenced within the time limited by law. It is conceded by all parties concerned that if the judgment of February 3, 1903, was dormant at the time of the commencement of this action, the judgment of the court below is erroneous and must be reversed; and such is manifestly the case, for a judgment or other lien is a necessary prerequisite to an action of this kind. Section 1 of the act of March 3, 1893, Laws of 1893, p. 65, Rem. & Bal. Code, § 445, provides that,

"The real estate of any judgment debtor and such as he may acquire, shall be held and bound to satisfy any judgment of the district or circuit court of the United States, if rendered in this state, or of the superior or supreme court, or any judgment of a justice of the peace for the period of five years from the date on which said judgment was rendered, and such judgments shall be a lien thereupon to commence as follows: Judgments of the superior court of the county in which real estate of the judgment debtor is situ-

ated, from the date of the entry thereof; judgments of the district or circuit courts of the United States, if rendered in this state; judgments of the supreme court; judgments of the superior court of any county other than the county in which said judgment was rendered, and judgments of a justice of the peace, from the time of the filing and indexing of a duly certified transcript or abstract of such judgments, as provided by this chapter, with the county clerk of the county in which said real estate is situated."

Section 322 of the Code of 1881, Rem. & Bal. Code, § 458, provides that:

"An appeal to the supreme court or stay of execution shall not affect any existing lien; and in all cases of an appeal the date of final judgment in the supreme court shall be the time from which said five years shall commence to run. Personal property shall only be held from the time it is actually levied upon."

Sections 1, 2, and 3 of the act of March 6, 1897, Laws of 1897, p. 52, Rem. & Bal. Code, §§ 459, 460, 461, provide as follows:

"Sec. 1. After the expiration of six years from the rendition of any judgment it shall cease to be a lien or charge against the estate or person of the judgment debtor.

· "Sec. 2. No suit, action, or other proceedings shall ever be had on any judgment rendered in the state of Washington by which the lien or duration of such judgment, claim or demand, shall be extended or continued in force for any greater or longer period than six years from the date of the entry of the original judgment.

"Sec. 3. When the lien of any judgment, as specified in section 1, has run six years, or its duration will be less than one year by reason of this act, then the lien of such judgment shall continue for one year from and after the taking effect of this act."

If this case is controlled by the provisions of the act of 1893, *supra*, the judgment of February 3, 1903, was dormant at the time of the commencement of this action, for more than five years had elapsed between the date of the affirmance by this court, and the date of the commencement

of the present action.   The respondent contends, however,
that the case is controlled by the act of 1897, *supra*, and that
the lien of its judgment continued for six years from the
date of the entry of the original judgment.   In so far as
the mere duration of the lien is concerned this contention
must be sustained.   While the act of 1897 does not in ex-
press terms create or continue the existence of judgment
liens, yet the implication that a judgment lien exists for a
period of six years from the date of the entry of the original
judgment is plain and unavoidable.   Section 1 provides that
after the expiration of six years from the rendition of any
judgment it shall cease to be a lien or charge against the
estate or person of the judgment debtor; and section 3 pro-
vides that, if the lien of any judgment has run six years, or
its duration will be less than one year by reason of this act,
then the lien of such judgment shall continue for one year
from and after the taking effect of this act.   It is very plain
from these provisions that the legislature intended that judg-
ment liens should continue for six years without renewal or
revival, and that no action or proceeding of any character
would lie to extend the lien beyond that period.   But while
the duration of the respondent's lien is fixed at six years by
the act of 1897, its commencement is fixed by the same act.
The act is complete in itself, and fixes not only the duration,
but also the commencement of the lien, repealing and super-
seding all inconsistent laws on the subject.   Section 2 of the
act provides that the lien shall not be extended or continued
in force for a longer period than six years from the date of
the entry of the *original judgment*.   The date of the entry
of the original judgment in this case is the date of the judg-
ment of the superior court, and the present action was not
commenced until more than six years from that date.   The
earlier statute fixing a different date in case of an appeal to
the supreme court was repealed by necessary implication by
the act of 1897, for the judgment of this court on appeal is
in no sense the *original judgment*.   Many cases have been

cited from this court, but they have no direct bearing on the question now under consideration.

In *Palmer v. Laberee*, 23 Wash. 409, 63 Pac. 216; *Raught v. Lewis*, 24 Wash. 47, 63 Pac. 1104; *Denio v. Benham*, 24 Wash. 485, 64 Pac. 749; *Howard v. Ross*, 38 Wash. 627, 80 Pac. 819; *Fischer v. Kittinger*, 39 Wash. 174, 81 Pac. 551, and *Meikle v. Cloquet*, 44 Wash. 513, 87 Pac. 841, it was held that the act of 1897 was unconstitutional and void as to pre-existing judgments and contracts. In *Brier v. Traders' Nat. Bank*, 24 Wash. 695, 64 Pac. 831; *Packwood v. Briggs*, 25 Wash. 530, 65 Pac. 846; *Hardin v. Day*, 29 Wash. 664, 70 Pac. 118; *Hewitt v. Root*, 31 Wash. 312, 71 Pac. 1021, and *Dalgardno v. Barthrop*, 40 Wash. 191, 82 Pac. 285, it was held that an execution or judicial sale made more than five years after the date of the entry of the judgment, without revival or renewal, was void. In the case last cited the judgment was entered after the passage of the act of 1897, but the contract existed prior to its passage. It will thus be seen that the direct question as to the commencement or duration of a lien under the act of 1897 is here presented for the first time, and we see no escape from the conclusion that the lien commences with the entry of the judgment of the superior court and expires at the end of six years from that date. The act is clearly constitutional and valid in so far as it fixes the commencement and duration of judgment liens, but whether it is valid in so far as it attempts to destroy absolutely and forever all obligations arising out of the judgment is a question that is not now before us. Inasmuch, therefore, as the respondent had no lien, by judgment or otherwise, at the time of the commencement of this action, the judgment must be reversed with directions to dismiss the action, and it is so ordered.

GOSE, FULLERTON, CHADWICK, and MORRIS, JJ., concur.