[No. 12699. Department One. September 24, 1915.]

John Kelleher, *Respondent*, v. Ed Wells, *County Sheriff of Skagit County et al., Appellants.*[1]

Judgment—Lien—Duration—Executions — Limitations. Under Rem. & Bal. Code, §§ 459, 460, limiting the life of a judgment to six years after which it ceases to be a lien and cannot be enforced, the lien continues for the period of six years, within which time execution may issue.

Same—Duration—Limitations—Execution—Time for Issuance. Inasmuch as it is the date of the contract constituting the cause of action on which a judgment is rendered, rather than the date of the judgment, that controls the duration of the judgment, under the law of 1897, Rem. & Bal. Code, §§ 459, 460, limiting all remedies thereon to six years, a judgment rendered upon a judgment rendered upon a contract entered into prior to the passage of the law of 1897, is governed by the law as it existed prior to the passage of that act, which provided that it remain in force for the purpose of execution and sale only for the period of five years, unless revived.

Same—Duration—Revival—Issuance of Execution. The common law rule that the issuance of an execution upon a judgment operates as a revival of the judgment does not obtain in this state, in view of the statutes relating to the life of and revival of judgments and the limitations respecting the issuance of executions.

Appeal from a judgment of the superior court for Skagit county, Bell, J., entered October 8, 1914, in favor of the plaintiff, upon overruling a demurrer to the complaint, in an action for an injunction. Affirmed.

*Million & Houser* and *George Friend*, for appellants.

*Coleman & Gable*, for respondent.

Parker, J.—The plaintiff, John Kelleher, commenced this action in the superior court for Skagit county, seeking to have enjoined the enforcement by execution of a personal money judgment rendered against him in that court in favor of the defendant Foley. The plaintiff rests his right to the relief prayed for upon the ground that the judgment has

[1]Reported in 151 Pac. 823.

been rendered dormant by the lapse of time. The defendants demurred to the complaint on the ground that it does not state facts constituting a cause of action. The demurrer was overruled by the superior court, and the defendants electing to stand upon their demurrer and not plead further, judgment was rendered against them as prayed for. From this disposition of the case, the defendants have appealed to this court.

The facts as alleged in respondent's complaint may be summarized as follows: On September 8, 1896, a personal judgment for the sum of $157.85 was rendered in favor of appellant Foley and against respondent, in the superior court for Skagit county. This was a deficiency judgment rendered in a foreclosure action upon a promissory note and mortgage executed by respondent, being cause No. 2957 in that court, in which sale upon foreclosure was had July 20, 1896, showing such deficiency. On June 19, 1901, appellant Foley filed in that action his motion to revive the judgment, and thereafter such proceedings were had thereon that, on April 29, 1904, an order was entered reviving the judgment, adjudging it to be in full force and giving leave to issue execution thereon. On February 16, 1909, appellant Foley filed his motion in that action to again revive the judgment. Respondent appeared and demurred to the motion, but no further proceedings were had in that action. Thereafter,

"On the 10th day of March, 1909, defendant Maurice Foley brought an action in the superior court of Skagit county, Washington, against the plaintiff, wherein judgment was asked on the judgment hereinbefore referred to and revived for the amount of the same, by serving on this plaintiff summons and complaint in cause No. 5627. On May 17th, 1909, judgment was rendered in this court in said action No. 5627 for the sum of $157.85, with interest at twelve per cent from July 20, 1896, and for $18.60 costs, being the amount of the judgment theretofore rendered in cause No. 2957."

On June 29, 1914, the clerk of the superior court, at the request of appellant Foley, issued an execution upon the judgment rendered on May 17, 1909, and placed it in the hands of appellant Wells, as sheriff of Skagit county, for service, who was proceeding to levy upon property of respondent in satisfaction of the judgment when this action was commenced.

It will be noticed that the execution was issued more than five years after the rendering of the judgment upon which it rests, and that it also was issued some ten months prior to the expiration of six years following the rendering of the judgment, so that, if the life of the judgment is six years, there would have been ten months in which to make levy and sale thereunder before the judgment would become dormant, which was ample time for that purpose had levy and sale not been enjoined by the superior court. On the other hand, if the life of the judgment is only five years, it was dormant when the execution issued, and levy and sale thereunder was properly enjoined by the superior court. The question therefore is, What is the duration of the life of this judgment? In other words, is it controlled by the act of 1897, prescribing six years as the life of judgments, or the law as existing prior thereto, prescribing five years as the life of judgments in the absence of revival?

While the act of 1897, Laws of 1897, page 52, Rem. & Bal. Code, §§ 459 and 460 (P. C. 81 § 57), does not expressly continue the lien of a judgment in force for the period of six years following its rendition, or expressly authorize the issuance of execution thereon at any time within that period, it has become the settled law, by our decisions rendered since the passage of that act, that the lien of a judgment thereunder, by the terms of that act as properly construed, does continue for six years, and that execution may issue upon the judgment at any time within that period following its rendition. *Seattle Brewing & Malting Co. v. Donofrio*, 59 Wash.

98, 109 Pac. 335; *Catton v. Reehling*, 78 Wash. 187, 138 Pac. 669.

Now, since this judgment was rendered long after the passage of the act of 1897, it would seem to be controlled by that act, which is the present law, and remain in full force and effect for six years, unless the law as it existed prior to the act of 1897, by which the life of a judgment was only five years, is controlling because the cause of action upon which it was rendered was the judgment of September 8, 1896, rendered prior to the passage of the act of 1897, upon a promissory note executed prior to the passage of that act.

The act of 1897 has been held unconstitutional in so far as it relates to judgments rendered both before and after its passage upon contracts executed before its passage. *Bettman v. Cowley*, 19 Wash. 207, 53 Pac. 53, 40 L. R. A. 815; *Palmer v. Laberee*, 23 Wash. 409, 63 Pac. 216; *Raught v. Lewis*, 24 Wash. 47, 63 Pac. 1104; *Howard v. Ross*, 38 Wash. 627, 80 Pac. 819; *Catton v. Reehling, supra.* We have also held that the duration of the life of such a judgment without revival under the former law, that is, the period during which execution and sale might be had thereunder without revival, even after the passage of the act of 1897, was only five years after its rendition, and that the former law remains controlling in this respect as to such judgments. *Brier v. Traders Nat. Bank*, 24 Wash. 695, 64 Pac. 831; *Packwood v. Briggs*, 25 Wash. 530, 65 Pac. 846; *Hardin v. Day*, 29 Wash. 664, 70 Pac. 118; *Hewitt v. Root*, 31 Wash. 312, 71 Pac. 1021; *Dalgardno v. Barthrop*, 40 Wash. 191, 82 Pac. 285.

In each of these cases the judgment involved was rendered before the passage of the act of 1897. It is apparent, however, from our decision in *Howard v. Ross, supra,* that it is the date of the contract constituting the cause of action upon which the judgment is rendered rather than the date of the judgment, with reference to the passage of the act of 1897, that controls the question of what law governs the

duration of the life of the judgment. In that case the judgment involved was rendered after the passage of the act of 1897, upon a contract entered into prior to the passage of that act. Now the judgment upon which the execution here involved was issued was rendered May 17, 1909, upon a judgment which was rendered upon a contract prior to the passage of the act of 1897. If we were dealing with an execution upon the first judgment, plainly the logic of the above noticed decisions would require us to hold that the duration of the life of that judgment would be only five years, as prescribed by the law prior to the act of 1897. Now, if, as we have in effect held, a contract obligation arising prior to the act of 1897 does not so completely merge into a judgment rendered thereon but that the date of the contract is controlling upon the question of what law governs the life of such judgment, can it be said that the date of the contract will not be equally controlling here, where we are considering a judgment rendered upon such judgment? In other words, is a contract any more completely submerged and the time of its making to be lost sight of, as the problem is here presented, than as if we were dealing only with the question of the duration of the life of the first judgment? This question we think is answered in substance by our decision in *Fischer v. Kittinger*, 39 Wash. 174, 81 Pac. 551. The judgment there involved was a judgment rendered after the passage of the act of 1897, upon a judgment which had been rendered upon a contract prior to the passage of that act. It was there held that the judgment rendered upon the prior judgment was subject to revival under the former law the same as the first judgment. In other words, in this respect the right of the judgment creditor was controlled by the time of the making of the contract, the same as it would have been, under our decisions, had it been a question of the revival of the first judgment.

Our decisions, we think, lead to this conclusion: that the life and revival of the following classes of judgments is con-

trolled by the law as it existed prior to the passage of the act of 1897. In other words, that as to such judgments that law is still in force: (1) Judgments rendered upon contracts made prior to the act of 1897. (2) Judgments rendered after the passage of the act of 1897, upon contracts entered into prior to the passage of that act. (3) Judgments rendered upon judgments rendered upon contracts entered into prior to the passage of the act of 1897. This means that all of such judgments remain in full force and effect for the purpose of execution and sale thereunder for the period of five years and no more, without revival.

It appears from the allegations of the complaint that, on April 2, 1914, respondent Foley caused execution to be issued upon this judgment and delivered to respondent Wells, as sheriff, for levy. This execution was, by direction of the respondent Foley, returned unsatisfied, and levy made thereunder cancelled on the 27th day of June, 1914. Counsel for appellants make some contention rested upon the theory that the issuance of that execution operated as a revival of the judgment. This contention is apparently rested upon what counsel insist is the common law rule. We are of the opinion, in the light of our statutes, that no such rule prevails in this state, nor did it prevail under the law as existing prior to the passage of the act of 1897. Our decisions above noticed answer this contention in respondent's favor.

We conclude that, since more than five years elapsed from the rendition of the judgment here involved until the issuance of this execution, and the judgment not being revived, it is dormant and incapable of supporting execution and sale. The judgment of the superior court enjoining execution and sale under that judgment as prayed for is affirmed.

MORRIS, C. J., MOUNT, HOLCOMB, and FULLERTON, JJ., concur.