[No. 13304. Department One. July 28, 1916.]

MAURICE FOLEY, *Respondent*, v. JOHN KELLEHER, *Appellant*.[1]

JUDGMENT—REVIVAL—CONSTITUTIONAL LAW—IMPAIRMENT OF OBLIGATION OF CONTRACT—STATUTES. Laws of 1897, p. 52, Rem. & Bal. Code, §§ 459, 460, limiting the life of a judgment to six years and prohibiting its revival for a longer period, is void as impairing the obligation of the contract as respects a judgment based upon a contract antedating the passage of the act; hence such a judgment may be revived upon notice and motion under the old law as the law of the contract.

ABATEMENT AND REVIVAL—ANOTHER ACTION PENDING—IDENTITY OF ISSUES. The pendency of an action by a judgment debtor to enjoin the enforcement of a judgment by execution cannot be pleaded in abatement of a motion by the judgment creditor to revive the judgment against the judgment debtor; since no such relief could be awarded in the injunction suit.

Appeal from an order of the superior court for Skagit county, Alston, J., entered August 9, 1915, reviving a judgment, upon sustaining a demurrer to defendant's answer to the motion for revival. Affirmed.

*Coleman & Gable*, for appellant.

*Million & Houser*, for respondent.

ELLIS, J.—This is a proceeding to revive the judgment involved in the case of *Kelleher v. Wells*, 87 Wash. 323, 151 Pac. 823. That was an injunction suit to restrain the enforcement of a judgment rendered on May 17, 1909, in a common law action on a judgment originally rendered in

[1]Reported in 158 Pac. 982.

1896 upon a contract. On appeal we held that the act of 1897, p. 52, Rem. & Bal. Code, §§ 459, 460, limiting the life of a judgment to six years and prohibiting its revival for a longer period from the date of its original entry, though continuing the lien of the judgment for six years, has no application to the judgment in question because the original judgment upon which this judgment is based was rendered upon a contract antedating that act. Therefore, deciding that as to this judgment the right of execution is governed by the prior law, we sustained the injunction.

The present proceeding to revive was instituted by motion filed in the common law action on January 22, 1915, pending the appeal in the injunction suit. Defendant answered admitting the rendition of the judgment of May 17, 1909, and interposing two affirmative defenses: (1) that the judgment had expired on May 17, 1915, and was not capable of revival; (2) that the action of *Kelleher v. Wells* was pending on appeal to determine the same rights sought to be determined in this action. Plaintiff demurred to these affirmative defenses. The demurrer was sustained. Defendant abiding by his pleading, an order reviving the judgment was entered. He appeals.

As to the first affirmative defense, this case is a replica of the case of *Fischer v. Kittinger*, 39 Wash. 174, 81 Pac. 551. In that case, as here, the judgment involved was recovered in a common law action upon a judgment, which original judgment was based upon a contract antedating the act of 1897. The judgment upon the original judgment was held revivable by motion under the old law as the law of the contract, regardless of the fact that the judgment sought to be revived was rendered after the passage of the act of 1897. We adhere to that view.

As to the second affirmative defense, it is manifest that the action of *Kelleher v. Wells* was not brought to determine the same right sought to be exercised by the plaintiff in this proceeding. That action was brought to enjoin the enforce-

ment of the judgment by execution. Plaintiff here was the defendant there. In that case the right of revival was incidentally but not directly involved. Plaintiff here as defendant there could not have revived his judgment either in that action or in any proceeding in that action. To revive he must either move under the old statute in the original action or bring a common law action on the judgment. As defendant in the equity suit for injunction, he could have done neither of these things. It follows that the pendency of that action was not sufficient to sustain the plea in abatement of this proceeding. The affirmative matters pleaded stated no defense.

The demurrer to the answer was properly sustained. Affirmed.

MORRIS, C. J., MOUNT, CHADWICK, and FULLERTON, JJ., concur.