[No. 4299.   Decided September 13, 1902.]

THOMAS B. HARDIN, *as Receiver, Appellant,* v. MICHAEL DAY *et al., Respondents.*

EXECUTION SALE — EXPIRATION OF JUDGMENT LIEN — VALIDITY OF SALE.

Sale of land on execution, made more than five years after the rendition of judgment, is void, where the judgment lien has not been revived, even though the execution may have been issued prior to the expiration of such judgment lien.

SAME — CONFIRMATION — WHO MAY OBJECT.

*Semble,* that, under the statute which authorizes a judgment debtor to object to the confirmation of an execution sale of his property, the successor in interest of such judgment debtor is also entitled to object.

Appeal from Superior Court, King County.—Hon. BOYD J. TALLMAN, Judge. Affirmed.

*Hugh A. Tait,* for appellant.

*Preston & Embree,* for respondent McDougall.

The opinion of the court was delivered by

DUNBAR, J.—In this cause judgment was rendered and entered in favor of plaintiff, Hardin, and against the defendants Michael Day and John S. Day on the 2d day of December, 1896. There has been no revival of this judg-

ment. The execution was issued thereon on November 9, 1901. Levy was made on the 30th of November, 1901, and the land was sold thereunder January 4, 1902. Within ten days after the sale the respondent Malcolm McDougall filed objections to the confirmation of the sale, representing himself as a successor in interest of Michael Day. Upon hearing of the motion, an order was made by the court refusing to confirm the sheriff's sale and setting the same aside. From this order this appeal is taken.

It will be observed that it was more than five years from and after the entry of the judgment before the alleged sale was made. The lien on the judgment had therefore expired prior to the sale, under the provisions of § 5132, Ballinger's Code. *Brier v. Traders' National Bank,* 24 Wash. 695 (64 Pac. 831). The fact that execution was issued before the expiration of the five years cannot affect the life of the lien, or continue the lien beyond the five years. In discussing this subject in *Packwood v. Briggs,* 25 Wash. 530 (65 Pac. 846), it was said:

"The execution was void at the time of the attempted sale, for reasons heretofore stated. There being no lien in existence, there could have been no authority for the sale in any execution that might have been issued. It is true, this execution was issued a few days before the expiration of the five year period; but the lien itself, the authority for any execution and sale, was dead long before the attempted sale."

This case and *Brier v. Traders' National Bank, supra,* are decisive of the main issues in the case at bar. It is, however, insisted by the appellant that the statute which provides that the judgment debtor is entitled to object to the confirmation cannot be invoked by the successor in interest of the judgment debtor. We think, however, a

reasonable construction of the statute would include the successor in interest, but, in any event, the sale being void, it was properly set aside.

The judgment is affirmed.

REAVIS, C. J., and FULLERTON, ANDERS, WHITE, HADLEY and MOUNT, JJ., concur.