[No. 4350.  Decided March 19, 1903.]

## LUCY W. HEWITT et al., Respondents, v. M. A. ROOT et al., Appellants.

APPEALABLE ORDER—OVERRULING MOTION TO QUASH EXECUTION.

An order overruling a motion to quash a writ of execution is appealable, under the provisions of Bal. Code, § 6500, which allow appeal from any final order made after judgment which affects a substantial right.

APPEAL—TIME FOR TAKING.

Under the statutory rule for the computation of time, an appeal taken on the fifteenth day after the entry of an order appealed from was in time, where there was a fifteen day limitation on the right of appeal in such cases.

SAME—DISMISSAL—CESSATION OF CONTROVERSY.

An appeal from an order refusing to quash a writ of execution will not be dismissed on the ground of a cessation of the controversy because of the fact that the court afterward sustained objections to the confirmation of the sale under such execution, where the order refusing to confirm was a general one, not specifying any of the several grounds upon which it was rested, and where there was nothing to raise a presumption that the objections were sustained on a ground that would bar a resale under the writ.

JUDGMENTS—EXPIRATION OF LIEN.

A judgment becomes dormant under the statutes of this state, at the end of five years from the date of its rendition, and will not, until it is revived, support an execution.

Appeal from Superior Court, Thurston County.—Hon. OLIVER V. LINN, Judge. . Reversed.

*Vance & Mitchell* and *Root, Palmer & Brown,* for appellants.

*J. W. Robinson,* for respondents.

The opinion of the court was delivered by

FULLERTON, C. J.—On February 24, 1896, the respondents recovered a judgment against the appellants in the superior court of Thurston county on a promissory note. Shortly thereafter execution was issued on the judgment, and certain property of the appellants sold, and the proceeds credited on the judgment, leaving a balance still due thereon. On January 15, 1902, more than five years after the entry of the judgment, the respondents caused another execution to be issued, under which the sheriff of Thurston county levied on certain other property of the appellants and proceeded to sell the same as prescribed by law. Thereafter, on February 26, 1902, prior to the sale of the property levied upon, the appellants moved in the court issuing the writ to quash the same, and all proceedings thereunder, for the reason, among others, that more than five years had elapsed since the entry of the judgment, and the same had not been revived or continued. The motion was overruled by the trial court, and this appeal is from the order entered thereon.

The respondents move to dismiss the appeal on the grounds (1) that the order appealed from is not an appealable order; (2) that the appeal was not taken within the statutory time; and (3) that the controversy between the parties has ceased to exist. No brief is filed by the respondents on the merits.

By statute (Bal. Code, §6500) an appeal is allowed from any final order, made after judgment which affects a substantial right. The order appealed from, it seems to us, is such an order. The trial court had jurisdiction to determine the question whether or not an execution could lawfully issue upon the judgment, and the practice adopted to bring the question before that court has the sanction of modern authority. 8 Enc. Pl. & Pr. 460. The order, therefore, is one within the court's jurisdiction to pronounce, has the force and effect of a judgment, and is conclusive of the matters determined by it, as between the parties, so long as it stands on the records of the court not vacated or reversed. As such it is appealable. See *Otis Bros. & Co. v. Nash,* 26 Wash. 39 (66 Pac. 111); *Sturgiss v. Dart,* 23 Wash. 244 (62 Pac. 858); 2 Cyc. 601.

The appeal was taken on the fifteenth day after the order appealed from was entered. This was in time, even though it be held that the shorter limitation applies to appeals from orders of this kind. Under the rule of the statute for estimating time—excluding the first day and including the last—the appellant had the whole of that day in which to serve his appeal notice.

After the sheriff's return of sale had been filed, the appellants filed objections thereto on various grounds, some of which went to the validity of the writ, and others to the regularity of the proceedings. A general order was entered sustaining the objections. The respondents have caused to be certified to this court a copy of the objections, and the court's order sustaining them, and insist that this order is in effect an order sustaining the motion to quash the information, and for that reason grants to the appellants all the relief asked, and all they

will obtain should this court sustain this appeal and re-
verse the order appealed from; that there is therefore
no longer a controversy between the parties, and under
the rule adopted by this court in *State v. Wickersham*, 16
Wash. 161 (47 Pac. 421); *Hice v. Orr,* 16 Wash. 163 (47
Pac. 424), and their subsequent kindred cases, the appeal
should be dismissed. Assuming that the result contended
for would follow, did the record show that the trial court
sustained the objection to the confirmation of sale on the
ground that no lawful writ could issue on the judgment,
it does not follow that such must be the result from the
order as made. The order refusing to confirm the sale
was, as we say, a general order. It did not specify the
ground or grounds on which it was rested. As the objec-
tions filed contained several grounds, any one of which,
if found to be true, would sustain the order, but some of
which would allow a resale of the property, there is no con-
clusive presumption that the objections were sustained
on a ground that would bar a resale under the writ.
*Marble Savings Bank v. Williams,* 23 Wash. 766 (63 Pac.
511). This is not enough to entitle a respondent to dis-
miss the appeal on the ground that the controversy has
ceased to exist. It is not enough to show a probability
that the controversy has ceased. The showing that such
is the fact must be clear and certain. *Wood v. Seattle,* 23
Wash. 1 (62 Pac. 135, 52 L. R. A. 369). The motion
to dismiss must be denied.

On the merits of the controversy but one question is
suggested; viz., can a writ of execution lawfully issue
on a judgment after five years from its rendition? Speak-
ing on this question in *Brier v. Traders' National Bank,*
24 Wash. 695 (64 Pac. 831), this court, through Judge

WHITE, after reviewing the statutes relative to the revival of judgments, said:

"It would seem that at the end of five years from its rendition a judgment ceased to be effective for any purpose; no real estate of the judgment debtor was bound for its satisfaction, and no execution could be issued thereon. The owner of such dead or expired judgment might revive it. While the language in the first part of §462, *supra,* is 'the lien thereof may be revived and continued,' §463, *supra,* declares that the order of the court 'shall operate as a revival of the judgment for the amount found due at the time of such revival, and the same [that is, the revived judgment] shall be and continue a lien upon real estate of the judgment debtor for a period of five years from and after the date of such order, in like manner with the original judgment.' It is not the mere lien that is revived; it is the judgment itself, and the lien as an incident of the revived judgment, if a certified copy is filed with the auditor, becomes operative in the same manner as if it was an original judgment."

In *Packwood v. Briggs,* 25 Wash. 530 (65 Pac. 846), we held that an execution sale was void, which took place after the end of the five-year period, although the execution was issued while the judgment was still a lien. To the same effect is *Hardin v. Day,* 29 Wash. 664 (70 Pac. 118). These cases are decisive of the question suggested. They, in effect, hold that a judgment becomes dormant at the end of five years from the date of its rendition, and will not, until it is revived, support an execution. It follows, therefore, that an execution could not lawfully issue on the judgment in question here.

The order appealed from is reversed, and the cause remanded, with instructions to enter an order quashing the writ.

MOUNT, DUNBAR and ANDERS, JJ., concur.