[No. 11528. Department Two. February 16, 1914.]

GRACE N. CATTON, *Appellant*, v. JOHN J. REEHLING *et al.*;
*Respondents.*[1]

EXECUTIONS—JUDGMENTS—ISSUANCE—LIMITATIONS—STATUTES—IMPLIED REPEAL. Rem. & Bal. Code, § 510, providing that after a period of five years shall have elapsed without an execution having been issued, execution shall not issue on a judgment until it shall be revived in the manner provided by law, is superseded by Rem. & Bal. Code, §§ 459, 460, providing that a judgment shall cease to be a lien after the expiration of six years from its rendition, and that no action or proceeding shall ever be had on any judgment by which its lien shall be extended or enforced for any greater period than six years after entry of the original judgment.

Appeal from a judgment of the superior court for Pierce county, Easterday, J., entered May 28, 1913, upon findings

[1]Reported in 138 Pac. 669.

in favor of the defendant, in an action for equitable relief, tried to the court. Reversed.

*Julius L. Baldwin,* for appellant.

*W. W. Keyes, John C. Stallcup,* and *Evan S. Stallcup,* for respondents.

MOUNT, J.—The plaintiff brought this action to restrain the enforcement of a certain judgment against property claimed by her. Upon a trial of the case, the court denied the relief prayed for. The plaintiff has appealed.

There is no dispute upon the principal facts, which are as follows: On the 19th day of June, 1906, one B. M. Durant secured a judgment in the superior court for Spokane county, for $1,319.32 and costs, against Wilbur F. Catton and Grace N. Catton. In February, 1911, Grace N. Catton brought an action for a divorce, in King county, against Wilbur F. Catton. At about the time this divorce action was brought, Wilbur F. Catton confessed judgment in favor of John J. Reehling, in Pierce county, for $1,700. Thereupon Reehling and the sheriff of Pierce county were made parties to the divorce action. Subsequently a divorce was granted to the appellant, and the property was divided between the appellant and her husband. The judgment in favor of Reehling against Catton was declared to be void as to the appellant. The decree in the divorce case provided that the property awarded to the parties was subject to a lien in favor of either for any sum which either might be compelled to pay for his or her protection on account of the failure of the other to pay obligations determined in the decree. An appeal was taken from that judgment to this court, where the judgment was affirmed. *Catton v. Catton,* 69 Wash. 130, 124 Pac. 387. In that case, referring to the judgment confessed by Wilbur F. Catton in favor of John J. Reehling, we said: "The debt, therefore, could not be collected from either the separate or community property of the plaintiff or her husband."

Thereafter on May 26, 1911, the appellant paid to Durant the sum of $1,407.80, being the amount of the judgment against Catton and wife, and took an assignment of that judgment. Afterwards, on December 6, 1911, the appellant caused an execution to be issued upon the judgment, which had been assigned to her by Durant, and certain property of Mr. Catton was sold and bid in by Mrs. Catton. Thereafter, on February 17, 1912, the sale was confirmed. Afterwards, on September 20, 1912, Reehling caused an execution to issue upon his judgment against Mr. Catton for $1,700, which execution was levied upon the property purchased by Mrs. Catton at the execution sale upon the Durant judgment.

Upon these facts, the trial court concluded that the appellant was not entitled to have the sale of the property under the Reehling judgment restrained. The apparent reason of the court for so holding was that the execution issued upon the judgment assigned by Durant to Mrs. Catton was issued more than five years after the entry of that judgment, and was therefore void.

Two principal questions are argued by the appellant, to the effect, first, that the Reehling judgment is void and unenforceable against the appellant or the community of Catton and wife, for the reason that it was so adjudged in the case of *Catton v. Catton, supra;* and second, that the court erred in concluding that the execution upon the Durant judgment was void because it was not issued within five years from the date of the judgment.

We may assume, for the purposes of this case, that what we said in the case of *Catton v. Catton, supra,* that the Reehling debt could not be collected from either the separate or community property of the appellant or her husband, is *dictum,* as the respondents argue, in so far as it relates to the enforcement of the Reehling judgment against the property of Wilbur F. Catton.

We pass, then, to the second and controlling question in the case, whether an execution was lawfully issued upon the

Durant judgment after five years from the date of that judgment. The judgment in favor of Durant was entered on June 19, 1906. It was a valid judgment against Mr. and Mrs. Catton, and continued to be a lien against their property for six years. Rem. & Bal. Code, § 459 (P. C. 81 § 57).

Section 510, Rem. & Bal. Code (P. C. 81 § 825), provides that:

"If a period of five years shall have elapsed without an execution being issued on such judgment, then execution shall not issue thereafter until such judgment shall be revived in the manner provided for by law."

Respondent argues that this section controls, and that the execution which issued upon the judgment was invalid and the sale thereunder is void. *Dalgardno v. Barthrop,* 40 Wash. 191, 82 Pac. 285; *Brier v. Traders' Nat. Bank,* 24 Wash. 695, 64 Pac. 831; *Packwood v. Briggs,* 25 Wash. 530, 65 Pac. 846; *Hewitt v. Root,* 31 Wash. 312, 71 Pac. 1021, and *Whitworth v. McKee,* 32 Wash. 83, 72 Pac. 1046, are cited to sustain this contention. But it will be noted that those cases arose upon contracts which had been entered into or judgments which had been obtained prior to the passage of the law of 1897, which provides:

"After the expiration of six years from the rendition of any judgment it shall cease to be a lien or charge against the estate or person of the judgment debtor." Rem. & Bal. Code, § 459 (P. C. 81 § 57).

And,

"No suit, action, or other proceedings shall ever be had on any judgment rendered in the state of Washington by which the lien or duration of such judgment, claim or demand, shall be extended or continued in force for any greater or longer period than six years from the date of the entry of the original judgment." Rem. & Bal. Code, § 460 (P. C. 81 § 59).

In *Seattle Brewing & Malting Co. v. Donofrio,* 59 Wash. 98, 109 Pac. 335, we had occasion to consider the effect of

these statutes of 1897 upon the statutes then in force. We there said:

"While the act of 1897 does not in express terms create or continue the existence of judgment liens, yet the implication that a judgment lien exists for a period of six years from the date of the entry of the original judgment is plain and unavoidable."

Then, after setting forth the substance of the sections referred to, we continued:

"It is very plain from these provisions that the legislature intended that judgment liens should continue for six years without renewal or revival, and that no action or proceeding of any character would lie to extend the lien beyond that period."

Then, after referring to decisions of this court where we held that the act of 1897 was unconstitutional and void as to preexisting judgments and contracts, and to cases where it was held that execution and judicial sales made more than five years after the date of the entry of the judgment without revival were void, we said:

"It will thus be seen that the direct question as to the commencement or duration of a lien under the act of 1897 is here presented for the first time, and we see no escape from the conclusion that the lien commences with the entry of the judgment of the superior court and expires at the end of six years from that date."

We think it follows from this decision, that § 510 of Rem. & Bal. Code (P. C. 81 § 825), is superseded by the act of 1897, *supra*.

It is argued by the respondent that the act of 1897 deals with judgment liens and not executions, and that liens and executions are two entirely different subjects; that one statute regulating the duration of a judgment lien and another requiring that an execution must issue in a shorter period are entirely consistent with each other. It would be idle, we think, to say that a judgment lien exists and that no execu-

tion can be issued thereon. We think it was the manifest intention of the legislature, in the passage of the act of 1897, to authorize an execution where there was a judgment lien, because such lien without the right to an execution to enforce it is of no effect or value.

*Lilly-Brackett Co. v. Sonnemann,* 50 Wash. 487, 97 Pac. 505, is referred to as sustaining the contention of the respondents. We held in that case that an action could be maintained in this state upon a foreign judgment. We there said: "There is no prohibition against an action upon a judgment or to establish the lien." We were there discussing the right to maintain an action upon a foreign judgment entered within six years. We did not discuss or decide that there was any distinction between the lien of a judgment and the right to an execution thereon. Prior to the act of 1897, the statutes made the right to an execution coextensive with the lien. See Rem. & Bal. Code, §§ 445, 510 (P. C. 81 §§ 811, 825). The same result was clearly intended by the act of 1897.

In view of our conclusion that the judgment obtained by Durant against Mr. and Mrs. Catton in 1906 was a valid lien upon their property for a period of six years, and that execution might issue thereon at any time within that period, we think the lower court erred in holding that the execution and sale thereunder were void.

The judgment is therefore reversed, and the cause remanded with instructions to the lower court to enter a decree restraining the sale of the property of Mrs. Catton upon the judgment of Reehling.

CROW, C. J., PARKER, MORRIS, and FULLERTON, JJ., concur.