[No. 11654.   Department Two.   March 3, 1914.]

FRANK BURMAN, *Appellant*, v. W. L. DOUGLAS *et al.*,
*Respondents.*[1]

JUDGMENT — ACTIONS UPON — LIMITATIONS.  Under Rem. & Bal.
Code, § 460, providing that no suit or action shall ever be had on
any domestic judgment by which the lien or duration of such judg-
ment, claim, or demand shall be extended or continued in force
longer than six years from the date of the entry of the original
judgment, a complaint in an action upon a judgment commenced
but one day prior to the expiration of the six years is demurrable.

Appeal from a judgment of the superior court for King
county, Humphries, J., entered June 6, 1913, dismissing an
action upon judgments, upon sustaining a demurrer to the
complaint.  Affirmed.

*Alfred H. Lundin,* for appellant.

*Vince H. Faben,* for respondents.

MOUNT, J.—This action was commenced in the superior
court for King county on March 11, 1913.   The complaint
alleged that, on March 12, 1907, in the justice court of Spo-
kane precinct, in the county of Spokane, state of Washing-
ton, two judgments were entered in favor of the plaintiff and
against the defendants, in two actions wherein the plaintiff
was this plaintiff and the defendants were these defendants;
one of these judgments was for $92.09 and the other for
$91.34; that these judgments were wholly unpaid, and the
defendants had refused to pay the same or any part thereof;
that transcripts thereof had been filed in the superior court
for Spokane county.   The complaint prayed for judgment
for the sum of $183.43, with interest from March 12, 1907.

The defendants interposed a demurrer, upon two grounds:
First, that the complaint did not state facts sufficient to con-
stitute a cause of action; and second, that the action had not

[1]Reported in 139 Pac. 41.

been commenced within the time limited by law. The trial court sustained the demurrer. The plaintiff elected to stand upon his complaint. Judgment of dismissal was entered and this appeal followed.

Section 460, Rem. & Bal. Code (P. C. 81 § 59), provides:

"No suit, action, or other proceedings shall ever be had on any judgment rendered in the state of Washington by which the lien or duration of such judgment, claim or demand, shall be extended or continued in force for any greater or longer period than six years from the date of the entry of the original judgment."

It is at once apparent from the allegations of the complaint that this action was begun one day prior to the expiration of six years from the date of the rendition of the judgments, and that they are domestic judgments. The statute above quoted is direct and specific to the effect that no action shall ever be had upon any judgment rendered in this state whereby the lien or duration of such judgment shall be continued in force for any greater or longer period than six years from the date of the entry of the original judgment.

Conceding that an action may be maintained upon a domestic judgment within the period of six years, it is plain that no action can be maintained thereon after six years from the date of the entry of the original judgment, because the statute specifically so states. At the time the demurrer was filed, and at the time the court sustained the demurrer, the time had passed when the action could be maintained.

This statute is clearly one of limitation, and this action is controlled by it. Its validity is not questioned. The lower court was therefore clearly right in sustaining the demurrer.

Counsel for the appellant contends that this case comes within the rule in the case of *Lilly-Brackett Co. v. Sonnemann*, 50 Wash. 487, 97 Pac. 505. That was an action upon a foreign judgment and was brought well within the six years; even if this statute may be held to apply to foreign judgments, which it clearly does not, this case is not con-

trolled by that case, nor by the more recent case of *Catton v. Reehling, ante* p. 187, 138 Pac. 669.

The judgment appealed from is therefore affirmed.

CROW, C. J., FULLERTON, MORRIS, and PARKER, JJ., concur.