. [No. 16880.  Department One.  March 17, 1922.]

VIOLET V. BALL, *Respondent,* v. C. B. BUSSELL,
*Appellant.*[1]

JUDGMENTS (274)—ACTIONS ON—LIMITATIONS.  Under Rem. Code,
§§ 459, 460, providing that a judgment shall cease to be a lien and
that no action thereon shall extend the duration of the "judgment,
claim or demand" beyond six years from the date of the judgment, in
a second action on a liability arising since the enactment of the
statute (in 1897) the duration of the judgment must be limited to
six years from the date of the former judgment.

Appeal from a judgment of the superior court for
King county, Smith, J., entered March 24, 1921, upon
findings in favor of the plaintiff, in an action on a
judgment, tried to the court.  Reversed.

*G. E. de Steiguer* and *E. P. Whiting,* for appellant.

*Geo. B. Cole* and *John Wesley Dolby,* for respondent.

PARKER, C. J.—This is an appeal from a judgment
rendered by the superior court for King county upon
a judgment theretofore rendered by that court.

The controlling facts are not controverted and may
be summarized from the record before us as follows:
On February 6, and March 7, 1913, respectively, at
Seattle, this appellant, C. B. Bussell for value received,
executed and delivered two promissory notes; the
first to respondent, Violet V. Ball, for the sum of
$2,000, payable ninety days after date, and the second
to Ella E. Townsend for the sum of $700, payable
ninety days after date.  In June, 1914, these notes
having both matured and remaining wholly unpaid,
respondent, remaining the owner and holder of the
first note and having then become the owner and holder
of the second note, commenced an action in the su-
perior court for King county against appellant, seek-

[1]Reported in 205 Pac. 423.

ing recovery of the amounts of principal and interest due upon both notes. Such proceedings were regularly had in that action that on March 31, 1915, a judgment was duly rendered therein awarding to respondent recovery upon the notes against appellant. In July, 1920, respondent commenced this action in the superior court for King county, seeking recovery of a judgment against appellant upon that judgment, alleging that it remained wholly unsatisfied. A trial upon the merits resulted in findings and a judgment rendered on March 23, 1921, awarding to respondent judgment against appellant as prayed for. While this judgment was rested wholly upon the prior judgment, it is in the usual form of a personal money judgment and contains no language limiting the duration of its life. So, upon its face, it purports to be a judgment the life of which will be for the statutory period of six years from the date of its rendition.

It is contended in appellant's behalf that the judgment is erroneous, to his prejudice, in that it fails in terms to limit its life to the period of six years following March 31, 1915, the date of the rendering of the judgment upon which it is rested. We feel constrained to hold that this contention must be sustained. In the year 1897, long before the execution of the notes upon which the first judgment was rendered and the rendering of that judgment, the legislature passed an act the title and body of which, in so far as we need here notice its language, read as follows:

"An Act relating to the duration of judgments and repealing sections 462 and 463, volume 2, Hill's Code of Washington.

"*Be it enacted by the Legislature of the State of Washington:*

"Section 1. After the expiration of six years from the rendition of any judgment it shall cease to be a

lien or charge against the estate or person of the judgment debtor.

"Sec. 2. No suit, action, or other proceedings shall ever be had on any judgment rendered in the State of Washington by which the lien or duration of such judgment, claim or demand, shall be extended or continued in force for any greater or longer period than six years from the date of the entry of the original judgment. . . .

"Sec. 4. Sections 462 and 463 of volume 2, Hill's Code of Washington, relating to a renewal of judgments, are hereby repealed." [Laws of 1897, pp. 52 and 53; Rem. Code, §§ 459 and 460; P. C. §§ 8163 and 8164.]

The sections of Hill's Code so repealed, relating to the revival of judgments, were then the whole of our statute law upon that subject. Those sections, it is true, are embodied by the compiler in §§ 462 and 463, Rem. Code, but manifestly merely for the purpose of reference, in so far as they may have remained in force and applicable to the revival of judgments rendered, or upon contracts entered into, before the enactment of the law of 1897. But the facts above noticed render it plain that those sections have no application to respondent's claim of recovery involved in this case; since such claim had its inception in the notes executed long after the passage of the law of 1897. *Catton v. Reehling,* 78 Wash. 187, 138 Pac. 669. It seems plain to us, not only that there cannot be any revival of the judgment of March 31, 1915, as such, but also that there cannot be any revival or continuation of the life of the cause of action it evidences, beyond "six years from the date of the entry" of that judgment. This we think is rendered plain by the use of the words "claim or demand" in addition to the word "judgment" in § 2 of the law of 1897; meaning,

we think, not only the judgment as such, but also the "claim or demand" upon which it is rested.

Some contention is made in respondent's behalf that, since the title of the law of 1897 in terms mentions the subject-matter of the act as "relating to the duration of judgments," the language of the body of the act should be considered restricted accordingly, and held to mean that it is only the original judgment, as such, that cannot be revived so as to continue its life more than six years following the date of its rendition. If the language of the body of the law seemed to us of doubtful meaning, we might look to its title for light as to its meaning, but we think there is no occasion to do so in this case.

This court has held that an action may be maintained in our courts to secure the rendering of a judgment upon a prior judgment, during the life of such prior judgment (*Citizens' National Bank of Crawfordsville v. Lucas,* 26 Wash. 417, 67 Pac. 252, 90 Am. St. 748, 56 L. R. A. 812) ; but we think that does not argue that the judgment which may be rendered in the second or successive actions shall have a life beyond that of the original judgment. To so hold would be to render the law of 1897 (Rem. Code, §§ 459 and 460) of no force, in so far as it limits the life of the "claim or demand" upon which a judgment is rendered, as well as the life of the judgment as such, to "six years from the date of the entry" of the judgment. The reasoning of our decision in *Burman v. Douglas,* 78 Wash. 394, 139 Pac. 41, we think leads to this conclusion. The following decisions of this court are of interest in connection with our present inquiry, and not out of harmony with the views herein expressed: *Meikle v. Cloquet,* 44 Wash. 513, 87 Pac. 841; *Lilly-Brackett Co. v. Sonnemann,* 50 Wash. 487, 97 Pac. 505;

*Seattle Brewing & Malting Co. v. Donofrio,* 59 Wash. 98, 109 Pac. 335; *Johnson v. Great Northern Lumber Co.,* 85 Wash. 16, 147 Pac. 641.

It so happens that the life of the original judgment here in question expired on March 31, 1921, which, it will be noticed, was only eight days following the entry on March 23, 1921, of the judgment here upon appeal. It follows from our view of the law, as above expressed, that at this time both the original judgment and the judgment which is here upon appeal must be held to be no longer a charge against the person or estate of appellant. If six years following the entry of the original judgment had not at this time expired, we would remand the case to the superior court with directions to embody in the judgment here on appeal appropriate language specifically limiting its life to the same period as that of the life of the original judgment, to wit, six years following March 31, 1915; which period would end March 31, 1921. But, there not being at this time any necessity for such a direction, we simply conclude that the judgment appealed from must now be held to be of no force or effect following March 31, 1921, and that to that extent it should be set aside and held for naught.

It is so ordered.

Appellant will recover his costs upon this appeal.

MITCHELL, FULLERTON, MACKINTOSH, and TOLMAN, JJ., concur.