[No. 17554.   Department Two.   May 18, 1923.]

AMBROSE LONG, *Appellant*, v. EDNA N. SMITH,
*Respondent*.[1]

JUDGMENT (274)—ACTIONS TO ENFORCE—LIMITATIONS—GARNISH-
MENT—LIEN OF JUDGMENT—TERMINATION. Garnishment proceedings
previously commenced to enforce a judgment cannot be further
prosecuted after the expiration of six years, in view of Rem. Comp.
Stat., §§ 459, 460, providing that a judgment shall cease to be a lien
after six years, and no suit shall thereafter be had to continue the
lien in force.

COSTS (77)—ON APPEAL—ATTORNEY'S FEES IN GARNISHMENT PRO-
CEEDINGS. The supreme court cannot increase the attorney's fees
allowed to the respondent in the court below on dismissing a garnish-
ment.

Appeal from an order of the superior court for
Pierce county, Askren, J., entered April 8, 1922, dis-
missing garnishment proceedings.   Affirmed.

*Walter B. Allen*, for appellant.

*Chas. A. Wallace*, for respondent.

FULLERTON, J.—On March 10, 1916, the appellant,
Ambrose Long, recovered a judgment against one E.
N. Smith.   On November 15, 1921, the appellant sued
out a writ of garnishment on the judgment against
the respondent, Edna N. Smith, alleging that she was
indebted to the judgment debtor and that she had
property in her possession belonging to the judgment
debtor.   The respondent made return to the writ, in
which she denied that she was indebted to, or had
property in her possession belonging to, the judgment
debtor.   This answer was controverted by the appel-
lant, but before a hearing was had thereon, the judg-
ment on which the proceeding was based expired by
limitation under §§ 459 and 460 of the code (Rem.

[1]Reported in 215 Pac. 342.

Comp. Stat.) [P. C. §§ 8163, 8164]. The respondent thereupon moved to dismiss the proceedings, which motion the trial court granted. This is an appeal from the order of dismissal.

The statute cited, it will be observed, is not the ordinary statute of limitations. It provides that, after the expiration of six years from the rendition of a judgment, it shall cease to be a lien or charge against the estate or person of the judgment debtor, and that no suit, action or other proceeding shall ever be had by which the lien or duration of the judgment shall be extended or continued in force for any greater or longer period than six years from the date of the entry of the judgment.

This court has repeatedly held that a judgment expired by reason of the limitation fixed by the statute would not support an execution sale, even though the writ of execution under which the sale was made issued prior to the expiration. *Brier v. Traders' National Bank,* 24 Wash. 695, 64 Pac. 831; *Packwood v. Briggs,* 25 Wash. 530, 65 Pac. 846; *Hardin v. Day,* 29 Wash. 664, 70 Pac. 118; *Hewitt v. Root,* 31 Wash. 312, 71 Pac. 1021; *Dalgardno v. Barthrop,* 40 Wash. 191, 82 Pac. 285.

We have also held that an action by judgment creditors to set aside a fraudulent conveyance cannot be maintained after the lien of the judgment has expired; *Seattle Brewing & Malting Co. v. Donofrio,* 59 Wash. 98, 109 Pac. 335, and this although the proceeding may have been instituted prior to the expiration of the judgment. *Johnson v. Great Northern Lumber Co.,* 85 Wash. 16, 147 Pac. 641.

The principle of these cases controls the present one, and we therefore find no error in the order dismissing the garnishment proceedings.

The respondent asks that the attorney fee allowed her in the trial court be increased to cover the services of her attorney on the appeal to this court. But, aside from the fact that we think the sum allowed in the trial court (two hundred dollars) was sufficiently liberal, there is no law or statute authorizing such an order.

The judgment is affirmed.

MAIN, C. J., PARKER, TOLMAN, and PEMBERTON, JJ., concur.