[No. 263-3.  Division Three.  April 28, 1971.]

FERRY COUNTY TITLE AND ESCROW COMPANY, *Respondent*, v. FOGLE'S GARAGE, INC., *Appellant*.

*Sid Buckley*, for appellant.

*Granville Egan*, for respondent.

GREEN, J.—This case presents one primary issue:

When a writ of execution is issued upon a judgment under RCW 6.04.010, must all steps in the execution process through confirmation of sale be completed within 6 years from the rendition of the judgment?

The trial court said "yes." We agree.

Defendant, Fogle's Garage, Inc., obtained a judgment in Stevens County against one Kenneth Weeks and wife on May 28, 1963. An abstract of this judgment was filed with the clerk of court in Ferry County on June 3, 1963. There-

after, Weeks sold certain Ferry County real property to his son who later conveyed it to one McIrvin. Plaintiff, Ferry County Title and Escrow Company, as agent for Transamerica Title Company, insured title in McIrvin without excepting the May 28, 1963 judgment.

On April 2, 1969, defendant, seeking to collect its judgment, caused writ of execution to issue upon the Weeks judgment. The levy was made on the McIrvin real property. Sheriff's sale was scheduled for May 26, 1969. A subsequent writ of execution was issued against the same property with sale scheduled for June 25, 1969.

On May 5, 1969, plaintiff commenced this action to enjoin the May 26 sale at the behest of the insureds under provisions of the title insurance policy issued by them. The action was later broadened to include the June 25 sale. Upon motion, the court entered a temporary order restraining the two sheriff sales. Thereafter, summary judgment was entered against defendant permanently restraining it from proceeding with the execution sale. This ruling was based upon the fact the sale could not be confirmed within 6 years from rendition of the original judgment.

The pertinent statutes relating to judgment liens and executions are:

6.04.010 Execution authorized within six years—Exceptions. The party in whose favor a judgment · . . . has been . . . rendered, . . . may have an execution issued for the collection or enforcement of the same, at any time within six years from the rendition thereof: . . .

4.56.190 Lien of judgment. The real estate of any judgment debtor, . . . not exempt by law, shall be held and bound to satisfy any judgment of the . . . superior court of this state, . . . and every such judgment shall be a lien thereupon to commence . . . and to run for a period of not to exceed six years from the day on which such judgment was rendered: . . .

4.56.210 Cessation of lien—Extension prohibited. After the expiration of six years from the date of the entry of any judgment . . . rendered in this state, it shall cease to be a lien . . . against the estate or person of

the judgment debtor, and no suit, action or other proceeding shall ever be had on any judgment rendered in this state by which the lien or duration of such judgment, claim or demand, shall be extended or continued in force for any greater or longer period than six years from the date of the entry of the original judgment, . . .

In all material respects, the predecessors to these statutes were identical. (See legislative history to each of above-cited statutes.) It is noted that prior to 1897 the time period in each statute was 5 years; whereas, the present period is 6 years. Further, these earlier laws allowed judgments to be revived at the end of 5 years; this provision was repealed as to subsequent judgments in 1897. Laws of 1897, ch. 39, §§ 1, 2, p. 52; *Seattle Brewing & Malting Co. v. Donofrio,* 59 Wash. 98, 109 P. 335 (1910); *Catton v. Reehling,* 78 Wash. 187, 138 P. 669 (1914). Thereafter, extension of the judgment lien beyond 6 years from date of entry was prohibited. RCW 4.56.210; Laws of 1897, *supra.*

These statutes were considered in *Long v. Smith,* 125 Wash. 183, 215 P. 342 (1923). In that case, a judgment creditor caused a writ of garnishment to be issued against a third party alleging indebtedness to the judgment debtor. The garnishee defendant answered denying such indebtedness. Before hearing could be had on this issue, the judgment on which the garnishment was based expired under the provisions of Rem. Comp. Stat. 459 and 460 now codified in RCW 4.56.210. An order of dismissal entered by the trial court upon this ground was affirmed on appeal. The court said at page 184:

> This court has repeatedly held that a judgment expired by reason of the limitation fixed by the statute would not support an execution sale, even though the writ of execution under which the sale was made issued prior to the expiration. *Brier v. Traders' National Bank,* 24 Wash. 695, 64 Pac. 831; *Packwood v. Briggs,* 25 Wash. 530, 65 Pac. 846; *Hardin v. Day,* 29 Wash. 664, 70 Pac. 118; *Hewitt v. Root,* 31 Wash. 312, 71 Pac. 1021; *Dalgardno v. Barthrop,* 40 Wash. 191, 82 Pac. 285.
>
> We have also held that an action by judgment creditors

to set aside a fraudulent conveyance cannot be maintained after the lien of the judgment has expired; *Seattle Brewing & Malting Co. v. Donofrio*, 59 Wash. 98, 109 Pac. 335, and this although the proceeding may have been instituted prior to the expiration of the judgment. *Johnson v. Great Northern Lumber Co.*, 85 Wash. 16, 147 Pac. 641.

See also *Hillman v. Gray*, 163 Wash. 406, 1 P.2d 318, 75 A.L.R. 1356 (1931). The statements made in *Long* were recognized in *Kandoll v. Penttila*, 18 Wn.2d 434, 438, 139 P.2d 616 (1943), when the court said:

> The rule in this state is that, in order to realize on a judgment by forced sale, not only must an execution issue and be levied within six years from its entry, but the execution sale must also take place within that time. *Long v. Smith*, 125 Wash. 183, 215 Pac. 342, and cases therein cited.

In *Roche v. McDonald*, 136 Wash. 322, 326-27, 239 P. 1015, 44 A.L.R. 444 (1925), cited by defendant, the court observed:

> This statute [Rem. Comp. Stat. §§ 459, 460], we think, is not a mere statute of limitation affecting a remedy only. It is more than that. It not only makes a judgment cease to be a "charge against the person or estate of the judgment debtor" after six years from the rendering of the judgment, but also in terms expressly takes away all right of renewal of or action upon the judgment looking to the continuation of its duration or that of the demand on which it rests, for a longer period than six years from the date of its rendition. It does not tell us when an action upon a judgment may be commenced. It simply tells us that no judgment can be rendered extending the period of duration of a judgment, or of the claim or demand upon which it rests, beyond the period of six years following its rendition. We have given full force and effect to this statute. *Burman v. Douglas*, 78 Wash. 394, 139 Pac. 41; *Ball v. Bussell*, 119 Wash. 206, 205 Pac. 423.

Defendant argues the language of *Long* and *Kandoll* is dicta and the cases cited therein to support the dicta interpret the earlier rather than the present statutes. We believe

this position points out a distinction without a significant difference. In *Hardin v. Day*, 29 Wash. 664, 70 P. 118 (1902), a judgment lien expired prior to the date of an execution sale. The trial court refused to confirm the sale on the ground the execution was void and to confirm the sale would extend the life of the lien in violation of a statute similar in terms to RCW 4.56.210. The opinion affirming the trial court said, at page 665:

> In discussing this subject in *Packwood v. Briggs*, 25 Wash. 530 (65 Pac. 846), it was said:
>
> "The execution was void at the time of the attempted sale, for reasons heretofore stated. There being no lien in existence, there could have been no authority for the sale in any execution that might have been issued. It is true, this execution was issued a few days before the expiration of the five year period; but the lien itself, the authority for any execution and sale, was dead long before the attempted sale."

During the time period involved in *Hardin,* there was an execution statute providing:

> [I]f a period of five years shall have elapsed without an *execution being issued* on such judgment, then execution shall not issue thereafter until such judgment shall be revived in the manner provided for by law.

(Italics ours.) Laws of 1888, ch. 52, § 1, p. 94. Even though this statute contained the word *issued, Packwood* and *Hardin* held an execution sale after expiration of the lien was void notwithstanding the writ was *issued* before the expiration of the lien.

■■ Defendant is correct when it states the present execution statute, RCW 6.04.010, was enacted in 1929—many years after the judgment lien statute, RCW 4.56.210, Laws of 1897, *supra.* The present execution statute uses language similar to its predecessor, the 1888 statute, when it states a judgment creditor may have "an execution *issued . . .* at any time within six years from the rendition thereof . . . ". (Italics ours.) The term *issued* is in both statutes. Nevertheless, defendant argues the legislature by enacting RCW 4.56.210 intended that an execution timely

issued could be carried to a conclusion even though an order of confirmation is entered after the expiration date of the lien. We cannot accept this interpretation in view of *Packwood* and *Hardin*. We consider it more likely the legislature in 1929 was codifying the existing law as part of a general recodification of the judgment lien statutes. If the legislature intended to extend the lien when a writ of execution was timely issued by allowing the court to enter an order confirming a sale pursuant to the writ, it could have easily said so. To adopt defendant's contention would require us to expand the statute beyond its specific provisions. This we cannot do. Our conclusion finds support in *Kandoll* where the court in 1943, by dicta, again approved the language in *Long*. From the language contained in *Long*, *Kandoll*, and *Roche*, together with the cases therein cited, it seems apparent our Supreme Court has interpreted the judgment lien and execution statutes as requiring an execution sale to be completed within 6 years from rendition of judgment.

In the instant case, the writ was issued and the sheriff's sale was to take place 2 days prior to the expiration of the judgment lien. While this circumstance differs factually from *Packwood*, *Hardin*, and *Long*, it is not a significant difference when the principles of those early cases are brought to bear on this case. RCW 6.24.100 requires that any sale be confirmed by the court:

> Upon the return of any sale of real estate as aforesaid, the clerk shall enter the cause, on which the execution or order of sale issued, by its title, on the motion docket, and mark opposite the same: "Sale of land for confirmation," and the following proceedings shall be had:
>
> (1) The plaintiff at any time after ten days from the filing of such return shall be entitled, on motion therefor, to have an order confirming the sale, unless the judgment debtor, or in case of his death, his representative, shall file with the clerk within ten days after the filing of such return, his objections thereto.

This statute also provides that upon objections being filed, the court shall nevertheless confirm the sale unless there

are substantial irregularities in the sale proceedings; in such event the property shall be resold as upon an execution received of that date. Confirmation is an essential procedural step in completion of an execution sale. *Betz v. Tower Sav. Bank,* 185 Wash. 314, 322, 55 P.2d 338 (1936). Confirmation of the sale is a condition precedent to the issuance of a sheriff's deed. RCW 6.24.220. Legal title does not pass to a purchaser until the sheriff's deed has been executed. *Cogswell v. Brown,* 102 Wash. 625, 173 P. 623 (1918). Therefore, a sale is not completed until it is confirmed. Thereafter, the issuance of a sheriff's deed upon expiration of the redemption period becomes a ministerial act not requiring the assistance of a court. RCW 6.24.220.

While we may be sympathetic with the position urged upon us by defendant,[1] we believe the clear direction of the statutes and the language of *Long, Kandoll, Roche* and the cases cited therein compel the conclusion that when the judgment expires the ancillary proceedings by way of execution, if the sale has not been confirmed, expire with it.[2] Since the instant judgment expired before the execution sale could be confirmed and thus completed, the execution expired with it. We find no error in the granting of the permanent injunction enjoining the sale.

It is noted error is assigned to the wording of the judgment which enjoins defendant "from any action whatsoever to enforce the judgment in Cause No. 16283 of Stevens County Superior Court." To the extent the language of the order goes beyond the instant sheriff's sale, it exceeds the prayer of the second amended complaint and shall be modified accordingly. However, this assignment of error appears

---

[1] If the court were not required to confirm the sale, defendant's contentions throughout might have merit. *Cf. Brown v. Hopkins,* 101 Wis. 498, 77 N.W. 899 (1899).

[2] We do not believe *Catton v. Reehling,* 78 Wash. 187, 138 P. 669 (1913); *Hensen v. Peter,* 95 Wash. 628, 164 P. 512 (1917); *Rawlings v. Heal,* 111 Wash. 218, 190 P. 237 (1920); *St. Germain v. St. Germain,* 22 Wn.2d 744, 157 P.2d 981 (1945); *Mosher v. Mosher,* 25 Wn.2d 778, 172 P.2d 259 (1946), cited by defendant require us to reach a different conclusion in this case.

moot in view of the expiration of the May 28, 1963 judgment.

Next, defendant assigns error to the entry of temporary restraining orders against the sheriff of Ferry County when he was neither a party nor present in court. While it is true these orders not only restrained defendant but also the sheriff, the final judgment containing the permanent injunction was directed solely to defendant without reference to the sheriff. The propriety of the temporary orders is rendered moot by the final judgment.

Finally, it is contended the trial court erred in entering an order admitting Transamerica Title as an additional party plaintiff at or about the time the court's decision was rendered. We disagree. The initial action was commenced by plaintiff who sells and issues title insurance policies for Transamerica, the latter being the insurer. Under the terms of their policies, Transamerica is obligated to defend the insured with respect to legal proceedings founded upon a claim of title existing prior to issuance of the policy. The issue now raised came about when defendant filed on September 5, 1969 a motion to dismiss plaintiff's complaint upon the ground, among others, of a failure to join as plaintiff a real party in interest. On November 7, 1969, Transamerica petitioned to appear as an additional party plaintiff. The transcript indicates an order was signed on April 16, 1970 admitting them as an additional party. On April 17, 1970, the trial judge in a memorandum decision acknowledged he signed the order. We find no error in the trial court's granting of the petition to add Transamerica as an additional party plaintiff since it was clearly a real party in interest. CR 17(a).

In view of the foregoing opinion, defendant's other assignments of error are without merit.

Judgment affirmed as modified.

MUNSON, C.J., and EVANS, J., concur.
Petition for rehearing denied June 8, 1971.
Review denied by Supreme Court July 26, 1971.