CARL D. GRUB, JR., *Respondent*, v. FOGLE'S GARAGE, INC., *Appellant*.

*Sid Buckley,* for appellant.

*Gordon L. Bovey* (of *Bovey & Vovos*), for respondent.

GREEN, J.—Plaintiff, Carl H. Grub, Jr., brought an action to restrain defendant, Fogle's Garage, Inc., from proceeding with a sheriff's sale in satisfaction of a judgment lien. From a judgment restraining the sale and quieting title in plaintiff, defendant appeals.

Plaintiff owned certain real property in Stevens County encumbered by a judgment in favor of defendant, entered May 28, 1963. On April 2, 1969, defendant caused a writ of execution to be issued and notice of sheriff's sale posted and published. The date of sale was May 9, 1969. Thereafter, on request of plaintiff's counsel, the sale was twice postponed—the first time until June 6; the second until

June 11. Defendant's trial counsel[1] agreed to both postponements on the representation that plaintiff would pay the costs. Plaintiff's counsel states that he requested the extensions because of the pendency of another execution by defendant on the same judgment and by reason of plaintiff's represented dire financial circumstances. The circumstances surrounding these two postponements are reflected in the record by oral nontestimonial statements of both counsel resulting in an oral stipulation of the facts just stated.

The title abstractor for the Stevens County Title Co. testified defendant's trial counsel called him in early May, 1969, inquiring as to whether the judgment that was due to expire would lapse if the levy was not pursued. He advised counsel if the property was levied on prior to expiration of the judgment, in his opinion the levy would be good "even though it was disposed of beyond the 6 years." On June 7, 1969, the title abstractor wrote a letter to defendant's trial counsel enclosing sections of their guide book on attachments and judgments. This letter stated that since he did not understand the case well enough to intelligently discuss it with his "people" in Spokane, perhaps counsel should call their Spokane office and discuss it with the title company's associate counsel. When defendant sought to pursue the sale, plaintiff commenced this proceeding to restrain it and quiet title to the real property in plaintiff upon the ground the judgment entered May 28, 1963 no longer constituted a lien upon the real property.

On appeal defendant alleges 13 assignments of error directed to the findings and conclusions entered by the court and the failure to enter other proposed findings and conclusions, all of which present two issues.

First, defendant contends plaintiff is estopped to assert that because the sale did not occur within 6 years from the rendition of judgment, the judgment lien has expired. We disagree. RCW 4.56.210 provides:

> After the expiration of six years from the date of the entry of any judgment . . . rendered in this state, *it*

[1]Defendant has different counsel on appeal.

*shall cease to be a lien* . . . against the estate or person of the judgment debtor, and no suit, action or other proceeding shall ever be had on any judgment rendered in this state by which the lien or duration of such judgment, claim or demand, shall be extended or continued in force for any greater or longer period than six years from the date of the entry of the original judgment. . . .

(Italics ours.) In *Hutton v. State*, 25 Wn.2d 402, 171 P.2d 248 (1946), the court discussed this statute and the nature of the judgment lien, at page 407:

A statute creating a lien right for a definite length of time only, is something that is in addition to the cause of action or substantive right in question and is not a statute of limitations, because it does not exist outside of the period during which it is conferred.

The lien here in question may not be invoked outside of the period during which it is conferred by the statute. This is not because of a statute of limitations that would be overcome by Rem. Rev. Stat., § 167, but because, outside of the terms of the statute creating the lien, no lien exists.

Discussing the nature of a predecessor statute containing essentially the same language in *Roche v. McDonald*, 136 Wash. 322, 239 P. 1015, 44 A.L.R. 444 (1925), the court said, at page 326:

This statute, we think, is not a mere statute of limitation affecting a remedy only. It is more than that. It not only makes a judgment cease to be a "charge against the person or estate of the judgment debtor" after six years from the rendering of the judgment, but also in terms expressly takes away all right of renewal of or action upon the judgment looking to the continuation of its duration or that of the demand on which it rests, for a longer period than six years from the date of its rendition. It does not tell us when an action upon a judgment may be commenced. It simply tells us that no judgment can be rendered extending the period of duration of a judgment, or of the claim or demand upon which it rests, beyond the period of six years following its rendition. We have given full force and effect to this statute. *Burman v. Douglas*, 78 Wash. 394, 139 Pac. 41; *Ball v. Bus-*

*sell,* 119 Wash. 206, 205 Pac. 423. We note that in *Burman v. Douglas* this statute is referred to as "one of limitation." A critical reading of that decision, however, will show that the question of whether it is an ordinary statute of limitation against the commencement of an action, or a statute taking away a right of action, was not considered. We think that expression in that decision should not be regarded as of any controlling force in our present inquiry.

This expression of the court is consistent with language contained in the early case of *Packwood v. Briggs,* 25 Wash. 530, 535, 65 P. 846 (1901), dealing with the duration of a judgment lien:

There being no lien in existence, there could have been no authority for the sale in any execution that might have been issued. It is true, this execution was issued a few days before the expiration of the five year period; *but the lien itself, the authority for any execution and sale, was dead* long before the attempted sale.

(Italics ours.)

In *Ferry County Title & Escrow Co. v. Fogle's Garage, Inc.,* 4 Wn. App. 874, 880, 484 P.2d 458 (1971), we said:

While we may be sympathetic with the position urged upon us by defendant, we believe the clear direction of the statutes and the language of *Long* [*Long v. Smith,* 125 Wash. 183, 215 P. 342 (1923)], *Kandoll* [*Kandoll v. Penttila,* 18 Wn.2d 434, 139 P.2d 616 (1943)], *Roche* [*Roche v. McDonald,* 136 Wash. 322, 239 P. 1015, 44 A.L.R. 444 (1925)] and the cases cited therein compel the conclusion that *when the judgment expires the ancillary proceedings by way of execution, if the sale has not been confirmed,* expire with it. Since the instant judgment expired before the execution sale could be confirmed and thus completed, the execution expired with it. We find no error in the granting of the permanent injunction enjoining the sale.

(Footnotes omitted. Italics ours.)

A judgment lien is born by statute, RCW 4.56.190, and dies by statute, RCW 4.56.210. It is our view the lien created by the judgment of May 28, 1963 expired on May 28, 1969. When the lien expired, the execution expired with it.

*Ferry County Title & Escrow Co. v. Fogle's Garage, Inc.,* *supra.* To hold otherwise would result in judicial legislation.

Despite the contention to the contrary, *Hensen v. Peter,* 95 Wash. 628, 164 P. 512 (1917), does not support defendant's position. In that case, the trial court on request of the debtor and without the creditor's consent, issued an injunction restraining an execution sale. This injunction was later dissolved. The court held the 6-year statute was suspended during the existence of the court-imposed injunction. That case is not applicable to the situation involved in the instant case.

■ Assuming arguendo that estoppel may apply in an appropriate situation, we have serious doubts that plaintiff has established the necessary elements of equitable estoppel in this case. Three things must occur to create equitable estoppel: (1) an admission, statement, or act inconsistent with the claim afterwards asserted; (2) action by the other party on the faith of such admission, statement, or act; and (3) injury to such other party resulting from allowing the first party to contradict or repudiate such admission, statement or act. *Hill v. L. W. Weidert Farms, Inc.,* 75 Wn.2d 871, 874, 454 P.2d 220 (1969). Plaintiff's counsel represented that if defendant would continue the sale, he would pay the costs. They never discussed the 6-year statute; nor, did either agree to waive any legal rights they may have had. Plaintiff's counsel in oral argument insisted he never realized the 6-year statute was about to run. On the other hand, defendant's counsel was conscious of the statute but relied upon his own judgment and that of a title abstractor as to the legal effect of the continuance in light of the statute. Since it was never discussed with plaintiff's counsel, it can hardly be contended defendant relied upon any representation from that source. In these circumstances equitable estoppel does not apply.

Finally, defendant contends it has a right to continue with the execution process because the execution was is-

sued within the 6-year period. This contention was determined to the contrary in *Ferry County Title & Escrow Co. v. Fogle's Garage, Inc., supra.*

Judgment affirmed.

MUNSON, C.J., and EVANS, J., concur.

Petition for rehearing denied January 5, 1972.