
# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| VASHON MAURY ISLAND PARK DISTRICT, | ) ) ) | No. 68908-8-I |
| Respondent, | ) ) ) | |
| v. | ) ) | |
| RACHEL GAY ROSSER, | ) ) | UNPUBLISHED OPINION |
| Appellant. | ) ) | FILED: September 16, 2013 |

VERELLEN, J. — Rachel Gay Rosser represents herself in her appeal from the trial court order granting summary judgment in favor of the Vashon Maury Island Park District on its action to establish the parties' rights with respect to neighboring property. Because the evidence did not give rise to any questions of fact regarding the property interests at issue and the jurisdictional and procedural arguments Rosser raises have no merit, we affirm the trial court's order.

## FACTS

The Vashon Maury Island Park District (Park District) leased two parcels of land, parcels A and B, commonly known as the Vashon Elementary School site, from the Vashon Island School District. The lease runs for a period of 30 years, starting from April 2008, and authorizes the Park District to use the parcels for "public recreational

and educational activities."[1] Rosser is the current owner of property purchased by her parents in the 1940s adjacent to the Vashon Elementary School site. A 20-foot wide private roadway running along the southern boundary of parcel A connects Rosser's property to the public roadway.

In 2011, the Park District was engaged in a project to construct new athletic fields on the Vashon Elementary School site. During the course of the project, disputes arose between Rosser and the Park District because Rosser claimed ownership of the private roadway. On one occasion, the Park District notified Rosser that construction vehicles would need to access the property using the private roadway to install field lights on a particular date. On that date, Rosser parked her vehicles on the roadway, blocking access to the construction site. Rosser was eventually persuaded to move her vehicles before the construction vehicles required access, but Park District officials became concerned about Rosser's potential to interfere with the project.

Rosser also claimed an ownership interest in the eastern portion of parcel A where it meets the western boundary of her parcel. She had installed a fence between the two parcels, but a survey showed that the fence actually encroached on the Park District's leased property. There was an opening in the fence where a section had been dismantled, and the Park District alleged that Rosser had, on occasion, driven vehicles through that opening and across a corner of the Park District's parcel, which created a safety concern on the part of the Park District.

On October 6, 2011, the Park District filed a complaint against Rosser to quiet title. The Park District also sought an order requiring Rosser to remove the encroaching

---

[1] Clerk's Papers at 7.

2

fence and an injunction to prohibit her from blocking the roadway and from driving on the eastern portion of parcel A. At the same time, the Park District also filed and served a motion for a temporary restraining order. In support of its complaint and motion, the Park District produced a copy of the title of the leased property showing that parcel A was encumbered by a 20-foot easement for a private roadway and a copy of Rosser's deed which also reflects the roadway easement.

On October 10, after hearing from the both the Park District and Rosser, a King County Superior Court commissioner granted the temporary restraining order enjoining Rosser from using the roadway "in a manner inconsistent with the use of an easement, including, but not limited to blocking access along that easement."[2]

The Park District filed a motion for a preliminary injunction. Rosser opposed the injunction. She asserted a fee simple ownership interest in the roadway and also claimed that her parcel benefited from an easement in the eastern portion of parcel A. Both parties appeared at the hearing before King County Superior Court Judge Middaugh. The court granted a preliminary injunction, prohibiting either party from blocking the private roadway and prohibiting Rosser from driving on the eastern portion of parcel A.

The Park District then moved for summary judgment. Following a hearing, the trial court granted the Park District's motion. The order extinguishes all claims of ownership in parcels A and B by Rosser, apart from the private roadway easement along the southern boundary of parcel A. Consistent with both previous injunctions, the order includes a permanent injunction for the term of the lease, restraining Rosser from

---

[2] Clerk's Papers at 42.

using the private roadway in a manner inconsistent with its use as a roadway and specifically from blocking the roadway. The order similarly provides that the Park District may not unreasonably block Rosser's ingress and egress by the easement. The court also ordered Rosser to remove the fence encroaching on parcel A and enjoined her from driving on that portion of the property or using it in any manner inconsistent with the public's use.

Rosser appealed the trial court's order and then filed a motion to vacate in the trial court. The trial court denied the motion.

## ANALYSIS

As a preliminary matter, we note that Rosser devotes most of her briefing on appeal to arguments she did not raise in the trial court and that are unsubstantiated by the evidence in the record.[3] For instance, she appears to challenge the validity of the Park District's lease, the legality of the athletic field project, and the Park District's compliance with permitting requirements and regulations. But none of her allegations regarding these matters affect the trial court's resolution of the only issue before it—the extent and nature of Rosser's ownership interest in parcel A. The Park District's complaint sought to settle the dispute over ownership and to restrict Rosser's activity on the Vashon Elementary School site. Rosser did not file an answer, raise affirmative defenses, or file a counterclaim against the Park District or the school district. Therefore, the trial court ruled only on the parties' respective property rights in the disputed portions of parcel A and imposed reasonable restrictions on both parties in

---

[3] See RAP 9.12 (on review of an order granting summary judgment, we consider "only evidence and issues called to the attention of the trial court"); see also RAP 2.5(a).

4

light of those established rights. These are the only substantive issues before this court on review.

Rosser claims that the trial court lacked jurisdiction over her and the subject matter of the case. Her arguments appear to be based on allegations that (1) the Park District failed to file and serve a summons to initiate the action, and (2) the Park District failed in its pleadings to establish its lawful authority to engage in the renovation project. It is clear from the record, however, that the Park District both filed the summons and served it on Rosser. It is also clear, and Rosser does not dispute, that she participated in the action and opposed the Park District's claims.[4]

Although the defense of lack of subject matter jurisdiction is never waived, Rosser's argument fails to appreciate the nature of subject matter jurisdiction. She does not allege, much less establish, that King County Superior Court lacks authority to resolve property disputes.[5] In short, Rosser's jurisdictional arguments fail because they are unsupported by the record and legal authority.

Rosser identifies other "irregularities" in the complaint.[6] However, she relies on the rules for initiating a misdemeanor complaint under the Criminal Rules for Courts of Limited Jurisdiction, CrRLJ 2.1. Because this action does not involve any violation of a criminal statute, this rule has no application.

---

[4] See In re Marriage of Steele, 90 Wn. App. 992, 997-98, 957 P.2d 247 (1998) (a party waives the defense of lack of personal jurisdiction when he or she expressly or impliedly consents to the exercise of jurisdiction).

[5] See Shoop v. Kittitas County, 108 Wn. App. 388, 393, 30 P.3d 529 (court has subject matter jurisdiction when it has authority "to adjudicate the type of controversy involved in the action"); see also Cole v. Harveyland LLC, 163 Wn. App. 199, 209, 258 P.3d 70 (2011) ("The critical concept in determining whether a court has subject matter jurisdiction is the type of controversy.").

[6] Appellant's Br. at 10.

Rosser also contends that she had inadequate notice of the Park District's motion for a temporary restraining order because she was served with its motion the night before the court hearing. According to the record, however, the Park District served Rosser with the summons, complaint, and the motion for a temporary restraining order four days before the hearing on the motion. The rule governing temporary restraining orders does not prescribe a specific timeframe for notice and allows for such orders without any notice under some circumstances.[7] Even if Rosser could identify a procedural error in the process of obtaining the temporary restraining order, there would be no effective relief available in light of the permanent injunction. A temporary order merges with the final judgment and any question as to the propriety of the temporary order becomes moot.[8]

Rosser also challenges the order granting summary judgment because the trial court signed the written order several weeks after its oral ruling and failed to make written findings stating that the requirements of due process and jurisdiction were satisfied. But as explained, Rosser's claims that the court lacked jurisdiction are unfounded. And there is no requirement that a court's order on summary judgment must expressly address jurisdiction. As for Rosser's claim that she was denied due process, she did not raise this claim below and makes no showing that she was deprived in these proceedings of any constitutionally protected property right.[9]

---

[7] See CR 65(b).

[8] State ex rel. Carroll v. Simmons, 61 Wn.2d 146, 149, 377 P.2d 421 (1962); see also Ferry County Title & Escrow Co. v. Fogle's Garage, Inc., 4 Wn. App. 874, 881, 484 P.2d 458 (1971) (propriety of temporary restraining order rendered moot by final judgment containing permanent injunction).

[9] See 42 U.S.C. § 1983, Mission Springs, Inc. v. City of Spokane, 134 Wn.2d 947, 962, 954 P.2d 250 (1998); Robinson v. City of Seattle, 119 Wn.2d 34, 57-58, 830

Finally, Rosser seeks CR 11 sanctions against the Park District's counsel. But she fails to identify any sanctionable conduct in the trial court or on appeal.[10]

We affirm the trial court's order of summary judgment.

_Verellen, J._

WE CONCUR:

_Cox, J._

_Spearman, J._

---

P.2d 318 (1992). Rosser also alleges a violation of the Consumer Protection Act, chapter 19.86 RCW. But here again, she did not raise any claim based on this statute below and fails to explain how the elements would apply to these facts.

[10] See Building Indus. Ass'n of Washington v. McCarthy, 152 Wn. App. 720, 750, 218 P.3d 196 (2009) (CR 11 was intended for use in superior court rather than appellate court). To the extent that Rosser's briefing suggests some additional arguments, we do not address them because she fails to sufficiently identify claimed errors or present meaningful legal argument with citation to meaningful legal authority. See RAP 10.3(a)(6); Holland v. City of Tacoma, 90 Wn. App. 533, 538, 954 P.2d 290 (1998) ("Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration."); Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).